KIRCHEN, Appellant, v. GOTTSCHALK and another, Respondents.

SECURITY GENERAL AGENCY CORPORATION, Respondent, v. KIRCHEN, Appellant.

*November 24, 1964—January 5, 1965.*

124

For the appellant there was a brief by *Maroney & Schiro* of Milwaukee, and oral argument by *Thomas P. Maroney.*

For the respondents there was a brief by *Grootemaat, Cook & Franke,* attorneys, and *Harry F. Franke, Jr.,* and *John J. Ottusch* of counsel, all of Milwaukee, and oral argument by Mr. *Ottusch.*

HEFFERNAN, J. On appeal from a decision of a trial court sitting without a jury, the court's findings of fact will

be sustained unless they are contrary to the great weight and clear preponderance of the evidence. *Estate of Dobrecevich* (1961), 14 Wis. (2d) 82, 85, 109 N. W. (2d) 477; *Clark v. Moru* (1963), 19 Wis. (2d) 503, 504, 120 N. W. (2d) 888. Nor is it sufficient for a reversal that contrary findings could have been made with evidence in their support. *Weber v. Kole* (1959), 7 Wis. (2d) 107, 95 N. W. (2d) 784.

The company's claim for unremitted premiums is but feebly contested by Kirchen. The debt of Kirchen to the company is set forth in the books of the company, and there is no claim by Kirchen that the figures set forth therein are inaccurate. The findings of fact and the judgment are clearly in accord with the undisputed evidence.

We find that none of the trial court's findings are contrary to the great weight or clear preponderance of the evidence, and therefore the judgments based upon these findings must be sustained.

Kirchen contended in his first cause of action that the company owed him commissions for the period of 1953 to 1960. He offered only his estimate of the amounts due him. The company, on the other hand, produced its records indicating an indebtedness of Kirchen to it. The court found that Kirchen was indebted to the company, a finding clearly in accord with the evidence, and certainly not contrary to the great weight or clear preponderance of it. To the extent that there is any conflict in the evidence, that conflict must be resolved to support the findings of the trial court.

The second cause of action alleged by Kirchen must be disposed of in a similar manner. He claimed that the company had failed to pay him commissions earned on student-accident insurance during the period 1953–1957. He alleged that he was in doubt and asked for an accounting.

However, the records of the company showing credits to Kirchen are substantially in accordance with his claim. There was evidence that the commissions for student-accident insurance were merged with other commissions due Kirchen and the whole amount was probably paid to him. Kirchen himself testified that his draw reflected the commissions credited to him on student-accident sales.

It should also be borne in mind that though Kirchen was entitled to credit for commissions, it does not necessarily follow that payment was required in such amounts. These amounts, like other commissions credited, were subject to offsets arising from any indebtedness that might be due the company. The mere showing of a credit to Kirchen's account does not sustain the burden of proof necessary to show that payment was due in that amount, and it was Kirchen's duty to sustain such a burden. The burden of proving payment did not devolve on the company in the absence of further proof by Kirchen. While the testimony on this point is in conflict, we cannot say that the finding of the court is contrary to the preponderance of the evidence.

There was evidence that the company had canceled policies of Kirchen's clients in some instances because he had failed to remit the premiums collected, and in other instances because some clients at least were no longer desirable risks and were canceled under the terms of the policy. The trial court's finding that these cancellations were justified is not contrary to the great weight or clear preponderance of the evidence.

Kirchen also claimed a vested interest in the sale of student-accident insurance sold in the Milwaukee area and asked that the company be enjoined from selling this type of insurance to the clients that had originally been sold by Kirchen. There was evidence to show that this kind of

insurance was nonrenewable, in that it had to be sold anew by a different policy each year. There was no evidence that it was the custom or usage of the trade that this type of insurance followed the original agent. The only evidence in support of such a custom was the statement that there was no reason why student-accident insurance should be excepted from such a custom. Such evidence does not even raise a conflict of testimony. Certainly, no contractual right to commissions on sales made by others was proved. There is no evidence showing Kirchen's entitlement to those commissions.

The trial court also determined that the claim of Kirchen was barred by the statute of limitations. Kirchen seeks to avoid such limitations because he is either an independent contractor or a partner. However, we need not decide whether the statute of limitations applies inasmuch as we have already determined that the trial court's findings that the company was not indebted to Kirchen on any of the causes of action alleged are not contrary to the great weight and clear preponderance of the evidence.

*By the Court.*—Judgments affirmed.