STATE, Respondent, v. KOERNER, Appellant.

*September 7—October 4, 1966.*

---

[12] *Boodry v. Byrne* (1964), 22 Wis. (2d) 585, 596, 126 N. W. (2d) 503.

For the appellant there was a brief by *James M. Shellow, William M. Coffey,* and *Shellow, Shellow & Coffey,* all of Milwaukee, and oral argument by *James M. Shellow* and *William M. Coffey.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Roger P. Murphy,* district attorney of Waukesha county.

HEFFERNAN, J.  The motion for withdrawal of the pleas was based in part upon denial of plaintiff's motion to amend the sentence. This basis apparently has been abandoned on this appeal since there is reference to it neither in the briefs nor in oral argument. Suffice it to say that the denial of these petitions in no way constitutes an abuse of discretion, for under the settled law of this jurisdiction, the trial judge has no authority to modify a sentence once its execution has commenced. This court in *State ex rel. Reynolds v. County Court* (1960), 11 Wis. (2d) 512, 515, 105 N. W. (2d) 812, reaffirmed the rule that has been undisturbed in Wisconsin law: ". . . a trial court has no power to revise its judgment and sentence in a criminal case after the expiration of the term or after the execution of the sentence has commenced." See also 24 C. J. S., Criminal Law, p. 598, sec. 1589, and Anno. 168 A. L. R. 706, 709. This rule of the common law differs from the federal procedure, which permits the trial judge to reduce the sentence within sixty days after imposition and to make other corrections (Rule 35, Federal Rules of Criminal Procedure).

Judge CALLOW would not only have abused his discretion had he granted the defendant's motion on this ground, but would have acted beyond his jurisdiction.

The contention of the defendant is without merit and is irrelevant to the accused's motion to withdraw his pleas of guilty.

The defendant in his motion to the trial court contended that his confession to the four counts was obtained by use of undue, excessive, and cruel physical force. However, the hearing is devoid of any proof that a confession was ever obtained from the defendant. This ground for the withdrawal of the pleas is not urged by the defendant's counsel upon this appeal, and a close scrutiny of the record substantiates the finding of the trial judge that the contention is without factual foundation or merit.

In addition to the above grounds for withdrawal that were urged on the trial level, but are abandoned here, the defendant has seen fit to urge two new grounds that were not alleged in the petition or considered at the hearing. These are that (1) when the defendant entered his pleas of guilty he was unaware of the ranges of punishment that could be imposed upon him, and no inquiry was made of him or his counsel to determine whether the consequences of the plea were known to him; and (2) his attorney misinformed him or deceived him as to the sentences which would be imposed upon the plea of guilty.

This court has consistently held that a review of a trial court's discretion in refusing to allow the withdrawal of a plea would not proceed beyond those grounds actually presented for the trial court's consideration. *State v. Strickland* (1965), 27 Wis. (2d) 623, 633, 135 N. W. (2d) 295; *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 223, 131 N. W. (2d) 833. We are therefore not obliged to consider these grounds upon appeal. However, we point out that defendant was represented by counsel and, as we stated in *Strickland, supra,* page 631:

"Courts have the right to assume in such a situation that counsel has fulfilled his duty of proper representation by fully explaining to the accused the nature of the offense charged, the range of penalties, and possible

defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty."

While we recommended in *Strickland* that, though the defendant be represented, the court should nevertheless interrogate the defendant to make sure he has understandingly and intelligently entered the plea, we declined to make such procedure mandatory. This court in *Eskra v. State* (1965), 29 Wis. (2d) 212, 138 N. W. (2d) 173, did not recede from that position, as counsel now contends. The issue of overturning the *Strickland* rule not requiring mandatory inquiries by the court when the accused *is* represented by counsel at arraignment was not before the court in *Eskra*, where the accused was *not* represented by counsel until sentencing. Desirable as the inquiries suggested by *Strickland* may be, we are satisfied that the appointment of competent counsel prior to arraignment gives rise to a presumption that the defendant has been informed of the nature of the offense with which he is charged, the range of punishment, the possible defenses, and that he has understandingly considered these factors with the help of counsel. Such a presumption can be overcome only by a clear showing to the contrary.

The second new ground urged on this appeal is without foundation in the record. The accused did not testify that he was either misinformed by counsel or deceived by him. At the very most, his testimony only went to the question of his ability to comprehend the proceedings at arraignment. There is no evidence of deceit or misrepresentation.

The only ground that was asserted in the motions at the trial level and is again urged here, and hence the only issue properly before this court, is whether the defendant's condition at the time the pleas were entered was such that he was unable to comprehend the proceedings against him.

The facts are undisputed that the accused was shot at the time of the burglary and was struck in three places by shotgun slugs. The wounds were on the left thigh, the right buttock, and the left calf. He also sustained some scalp abrasions. He was taken to the hospital, where surgery was performed on him on June 20, 1964 (the day of the robbery) and on June 22, 1964. He was attended by his family physician from June 20 until July 10, 1964, when he was released from the hospital, brought before a committing magistrate, and confined to the county jail pending arraignment. Doctor Kelly, his physician, testified that during the time defendant was hospitalized he was given demerol, a pain-killer, sleeping pills, and a medication to increase the absorption of blood and serum in the wound areas. It is the argument of the accused that he was under the influence of sedatives and drugs to the extent that he was unable to comprehend the arraignment proceedings, and therefore the judge should permit the withdrawal of guilty pleas made under these circumstances. It is well settled that it is within the inherent power of a court to permit withdrawal of a plea, but the exercise of that power to grant or deny a motion to withdraw the plea will not be disturbed by this court unless it is shown that there has been an abuse of discretion. *State v. Payne* (1964), 24 Wis. (2d) 603, 604, 129 N. W. (2d) 250. The withdrawal of a guilty plea is a matter of right only if the movant establishes as a fact that there has been a denial of a fundamental constitutionally protected right. *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 223, 131 N. W. (2d) 833; *State v. Strickland* (1965), 27 Wis. (2d) 623, 627, 135 N. W. (2d) 295. The facts revealed at the hearing are clearly insufficient to show a denial of a constitutional right as a matter of law. These are the same facts that the accused would rely upon to show an abuse of discretion. The trial judge found:

". . . there is insufficient evidence to permit this Court to find that the defendant entered pleas when in such physcial condition that he was unable to comprehend the full impact of his acts . . . ."

We deem these findings to be supported if there is the quantum of proof adduced that would be sufficient in the ordinary civil case. The plea of guilty has been entered and, consequently, the presumption of innocence requiring proof beyond a reasonable doubt is no longer pertinent to the proceedings. We pointed out in *Van Voorhis v. State, supra,* page 223, that when the record shows that there has been a failure to provide counsel contrary to the established statutory policy that it becomes the duty of the state to carry the burden of proof by clear and convincing evidence that the advice of counsel was unnecessary. So too, when the record on its face shows, as here, that the accused was afforded all the constitutional safeguards, we deem that, on a motion to withdraw the plea, the defendant should assume a similar burden if he is to show an abuse of discretion. The trial court's findings of fact upon such motion are to be viewed from the point of view most favorable to the respondent. *Guinther v. Schucht* (1965), 26 Wis. (2d) 97, 99, 131 N. W. (2d) 861. The credibility of the witness is a matter to be determined by the trial court unless the evidence is patently incredible *(Gauthier v. State* (1965), 28 Wis. (2d) 412, 416, 137 N. W. (2d) 101), and findings will not be set aside unless contrary to the great weight and clear preponderance of the evidence. *Kirchen v. Gottschalk* (1965), 26 Wis. (2d) 123, 126, 131 N. W. (2d) 885.

It appears that the defendant has failed to make a showing that the trial judge abused his discretion in denying the motion to withdraw the pleas. The defendant's own doctor, who knew him before the incident, testified that the dosage of drugs prescribed while de-

fendant was hospitalized was "minimal" and would not affect his ability to know what he was doing, and that, at the time he was released from the hospital, the defendant was "mentally alert" and was not under the influence of any sedative, hypnotic, or narcotic drug. There was no evidence that Doctor Kelly prescribed any medication following defendant's release from the hospital on the 10th and prior to his arraignment on the 13th. Defendant's own attorney, who like the physician knew the prisoner prior to this incident, stated that the defendant at the time of arraignment was "lucid and coherent," that he was "alert and aware" of what was going on, that the defendant fully understood the charges pending against him, and that these charges had been discussed in "great detail" prior to arraignment. He testified that in his previous experience as an insurance claims investigator he had numerous opportunities to observe persons under the influence of drugs or narcotics, but "Mr. Charles T. Koerner was aware of what was going on."

On the other hand, the defendant testified that he had little or no recollection of the events surrounding either the proceedings before the committing magistrate at the initial appearance or at the arraignment. He testified that while at the jail he was given some medication, but no proof was offered by the questioning of the doctor to see if any medication was prescribed for this period, or by questioning any of the jail attendants to determine whether any drugs or medicines had been administered. On cross-examination defendant stated that, "I thought I was given some pills" at the jail. The defendant's father testified that on the day prior to arraignment his son seemed distant and appeared to be in pain and discomfort and appeared not to know what his father was talking about.

While the testimony of father and son conflicts with the other testimony, their credibility is a matter for the

trier of the facts to determine and may be questioned by the trial judge and disbelieved; and except for the testimony of the defendant himself in regard to his mental condition on the day of arraignment, none of the evidence was of particular probative value even though believed.

We find no error in the trial judge's finding that there was insufficient evidence to find that the defendant was unable to comprehend the full import and significance of his acts. We also conclude that the trial judge did not err in finding no evidence that "the counselling of the defendant by his attorney was inadequate or improper." In regard to this finding we cannot but comment on the fact that each time it appeared that the exact nature of the advice given defendant by the trial attorney was about to be revealed, the defendant's counsel at hearing raised the objection of privilege. In these circumstances the trial attorney's general testimony that the defendant was fully aware of and understood the charges against him is made even more compelling.

Viewing this case as we must in the light of the "particular attendant circumstances," *(La Fave v. State* (1940), 233 Wis. 432, 441, 289 N. W. 670) we conclude that the trial judge did not abuse his discretion in denying the motion to withdraw the plea of guilty.

*By the Court.*—Order affirmed.