Thomas William SCHMITT, #2225-A,
Petitioner,

v.

John C. BURKE, Warden, Wisconsin State
Prison, Respondent.

No. 67-C-367.

United States District Court
E. D. Wisconsin.

Dec. 29, 1967.

Thomas William Schmitt, pro se.

Bronson C. LaFollette, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent.

## OPINION AND ORDER

MYRON L. GORDON, District Judge.

Petitioner was granted leave by this court to file his habeas corpus petition in forma pauperis on November 2, 1967, and the respondent filed a response thereto on November 30, 1967.  Thereafter,

on December 5, 1967 petitioner filed a "traverse" or reply.

The gravamen of petitioner's claim is that he was induced by court-appointed counsel to plead guilty upon an alleged promise that an "arrangement" had been made with the court and the district attorney to secure a sentence which would run concurrently with a prior sentence. In addition, petitioner contends that the failure of the sentencing court to make a detailed inquiry into the voluntariness of the plea constitutes grounds for his release.

Petitioner pleaded guilty to a charge of attempted escape from the Wisconsin state reformatory in violation of Sections 939.32 and 946.42(3) (a), Wis.Stats., 1965 and was convicted on December 6, 1965 in Branch 2 of the county court of Brown County. The sentence was for not more than one year consecutive to two prior concurrent terms for burglary.

Petitioner previously filed two habeas corpus petitions in the Wisconsin supreme court, which denied such petitions in unpublished opinions dated February 10, 1967, and September 13, 1967.

In my opinion, the Wisconsin supreme court properly disposed of the contention that the trial court had failed through interrogation to ascertain whether or not Schmitt's guilty plea was voluntary. The state supreme court cited State v. Koerner, 32 Wis.2d 60, 145 N.W. 2d 157 (1966) and State v. Strickland, 27 Wis.2d 623, 135 N.W.2d 295 (1965). The Wisconsin supreme court held that although it is desirable for a trial court to interrogate a defendant upon a plea of guilty, even though represented by counsel, such procedure is not mandatory. There has been no constitutional requirement to the contrary brought to the writer's attention.

In each of the previous petitions, the Wisconsin supreme court considered Mr. Schmitt's claim that he was induced to enter a plea of guilty upon his counsel's promise that he would receive a concurrent sentence rather than a consecutive one. It is the petitioner's charge that his attorney promised that an "arrange-

ment" had been made with both the judge and the district attorney.

An accusation of this type is easily made and not readily disproved. Although the respondent has denied the charge, the record is wholly devoid of any disavowal on the part of the accused principals; the defense attorney, the district attorney or the judge. In his reply to the respondent's return, the petitioner quotes the following, attributing it to the district attorney:

"MR. DOEPKE: Your Honor, at the preliminary arraignment in this matter the Court advised the defendant that any sentence to be imposed would have to be consecutive. However, in reviewing the statute 939, it is my impression that the penalty may be consecutive or may be concurrent, and although the State would urge that any sentence being imposed in this matter be a consecutive sentence, the penalty be imposed under 939 rather than under the escape statute of 946.42."

Mr. Schmitt argues that the foregoing quotation shows that the possibility of a concurrent sentence was under consideration, notwithstanding the requirement of Sec. 946.42(4) that an escape is to be punished with consecutive sentencing. Petitioner argues that his counsel promised him that he would be punished under the "attempt" statute, Sec. 939.32, wherein the court has the option to make the sentence concurrent or consecutive.

In neither of its rulings on Mr. Schmitt's petitions did the Wisconsin supreme court have the benefit of fact-finding. The court appears to have relied on the presumption of State v. Koerner, 32 Wis.2d 60, 145 N.W.2d 157 (1966), where it was said that:

" * * * the appointment of competent counsel prior to arraignment gives rise to a presumption that the defendant has been informed of the nature of the offense with which he is charged, the range of punishment, the possible defenses, and that he has understandingly considered these factors with the help of counsel. Such a presumption

can be overcome only by a clear showing to the contrary."

In its first opinion the state court concluded as follows regarding Mr. Schmitt's application for habeas corpus:

"Petitioner's bald assertion (with no supporting details) that he was misled on the range of punishment, in view of the fact that he was represented by counsel, does not meet the *Koerner* standard."

The second petition to the state supreme court was denied upon reference to its earlier opinion and without discussion of any factual elements. It is entirely possible that only a bare assertion was made to the state court, but that cannot be said of the petition now before this court.

■ The respondent's return filed in this court contends that a consecutive sentence was mandatory under Sec. 946.-42(4), but this does not obliterate the petitioner's charge that his attorney promised him an arrangement under a different section.

The attorney general also discusses the competence and experience of Mr. Schmitt's appointed counsel, Mr. Warren, but the return does not include a denial by Mr. Warren of the petitioner's accusations.

■■ In addition, the respondent alleges in his return that "there was no possible defense to the charge against petitioner" and then goes on to assert the facts relating to the attempted escape. This type of argument can have no bearing on the issue presented before this court since our concern here is with an alleged abuse to a constitutional right to a fair trial. If Mr. Schmitt's plea was in fact induced by a false promise, as he alleges, that would necessarily qualify as a constitutional error affecting his substantial rights and could not be treated as a harmless error under Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) and Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Notwithstanding the presumption of State v. Koerner, this court is satisfied that the petitioner has adequately raised an issue of fact which has not been effectively contradicted or judicially resolved. The court will therefore appoint counsel for the indigent petitioner and will schedule a hearing, upon notice, after such appointed counsel has had an opportunity to prepare his case.

It is ordered that attorney Thomas J. Regan be and he hereby is appointed to represent said petitioner in connection with this application for habeas corpus.