VIEAU, Plaintiff in error, v. STATE, Defendant in error.

*No. State 115. Argued April 12, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 367.)

For the plaintiff in error there was a brief by *Bittner, Petitjean, Greenwood & Hinkfuss* of Green Bay, and oral argument by *Robert L. Bittner.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

HANLEY, J. The above grounds for withdrawal of the pleas are abandoned here. The defendant's sole contention before the supreme court is that the plea was entered without knowledge that the sentence actually imposed could be imposed. In *State v. Reppin* [1] the court adopted the standards relating to pleas of guilty issued by the American Bar Association Project on Minimum Standards for Criminal Justice according to which a defendant should be allowed to withdraw his plea of guilty whenever "withdrawal is necessary to correct a manifest injustice." As *Reppin* indicates, the "manifest injustice" test is adopted from Rule 32 (d) of the Federal Rules of Criminal Procedure. The ground alleged by the defendant is one of the four illustrations of "manifest injustice" to appear in the draft of the American Bar Association Project, concerning which it is stated in *Reppin* that a court would abuse its discretion if it denied

---

[1] (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

a request to withdraw a guilty plea when any of the four grounds were proven.[2]

The defendant stops short of the direct allegation that he lacked knowledge that the sentence actually imposed could be imposed but argues that as a condition precedent to the acceptance of a plea of guilty, courts should be required to impart a full explanation of the consequences of such a plea. He asserts that Rule 11 of the Federal Rules of Criminal Procedure requires that federal courts must inform the accused of the consequences of a guilty plea even though he is represented by counsel. It is undisputed that the trial court gave no explanation to the defendant concerning the consequences of his plea.

A contention similar to the defendant's here was made and rejected in *State v. Strickland*,[3] where the court stated the following:

". . . Courts have the right to assume in such a situation that counsel has fulfilled his duty of proper representation by fully explaining to the accused the nature of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty. There is no allegation in defendant's motion that this was not done.

"We deem it inadvisable to lay down a rule that trial courts must, in every case, where an accused is represented by counsel at time of entering a plea, before accepting the plea interrogate defendant to make sure that the defendant has understandingly and intelligently entered the plea. However, we recommend that such practice be adopted."[4]

In *State v. Koerner*[5] the court was of the opinion that when competent counsel is appointed prior to arraign-

---

[2] *Id.* at page 386.

[3] (1965), 27 Wis. 2d 623, 135 N. W. 2d 295.

[4] *Id.* at pages 631 and 632.

[5] (1966), 32 Wis. 2d 60, 145 N. W. 2d 157.

ment, a presumption arises that the defendant has been informed of the nature of the offense he is charged with, the range of punishment, the possible defenses, and that he has understandingly considered these factors with the help of counsel. Such a presumption, the court continued, can be overcome only by a clear showing to the contrary.

We see no reason to depart from the precedent established by the holdings in *Strickland* and *Koerner* in light of the later decision in the *Reppin Case. Reppin* makes it clear that the burden of proof is on the defendant to show by clear and convincing evidence that a manifest injustice has occurred.[6] Where the record shows that the defendant was not informed of the range of punishment but contains no indication that he was, in fact, ignorant on the subject, the proof falls far short of showing that manifest injustice has occurred. The record herein establishes that the defendant was previously convicted and sentenced under the burglary statute. It also indicates the state's motion to dismiss four counts was the result of negotiation by defense counsel and the state.

We also note that the sole ground presented by the defendant on appeal was not presented to the trial court.

We conclude that the defendant entered his pleas of guilty freely, voluntarily, and understandingly with the advice and assistance of competent legal counsel.

*By the Court.*—Order affirmed.

---

[6] The exception to this rule is that when the record shows there has been a failure to provide counsel, it becomes the duty of the state to show the defendant was not prejudiced thereby and that no constitutional right was infringed as a result. *See Curry v. State* (1967), 36 Wis. 2d 225, 229, 152 N. W. 2d 906.