Henry E. HANSEN, Petitioner-Appellant,

v.

James W. MATHEWS, Warden, Respondent-Appellee.

No. 17627.

United States Court of Appeals Seventh Circuit.

Jan. 29, 1970.

Certiorari Denied April 20, 1970. See 90 S.Ct. 1404.

Paul E. Schwemer, Milwaukee, Wis., Schwemer & Schwemer, Milwaukee, Wis., of counsel, for appellant.

Robert W. Warren, Atty. Gen., Sverre O. Tinglum, William A. Platz, Asst. Attys. Gen., Department of Justice, Madison, Wis., for appellee.

Before DUFFY, Senior Circuit Judge, SWYGERT and CUMMINGS, Circuit Judges.

SWYGERT, Circuit Judge.

Henry E. Hansen appeals from the denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The district court heard no evidence, but based its decision on two state court records, one covering the original criminal proceeding and the other a subsequent coram nobis hearing.

Petitioner was charged in the Municipal Court of Milwaukee with two offenses growing out of a single event occurring in Milwaukee on the night of January 16, 1961. The information alleged that petitioner operated an automobile without the owner's consent in violation of section 943.23 Wis.Stats. and that he attempted to run over a policeman in violation of 941.30 Wis.Stats. ("endangering safety by conduct regardless of life") while driving the stolen vehicle. At his arraignment on February 2, 1961 petitioner pleaded not guilty to each charge. Attorney Philip Murphy was appointed to represent him and a consolidated trial was set for October 23, 1961.

On October 23 petitioner entered a plea of guilty to the auto theft charge and the prosecution moved to dismiss the "endangering" charge. The trial court refused to rule immediately on the latter motion. In accordance with the prevailing practice in Milwaukee courts, the state proceeded to submit evidence to substantiate the guilty plea. The state, however, was unable to establish that the alleged theft occurred since the owner of the automobile was not present to testify. At this point the prosecutor offered to dismiss the auto theft charge and proceed instead on the endangering charge. Petitioner indicated to the court that he would plead not guilty to the endangering charge and moved to withdraw the jury waiver he had previously filed. His motion was denied.

During the noon recess discussions took place between the petitioner, his attorney, and the prosecutor. Following the recess petitioner entered a plea of guilty to the endangering charge. The petitioner responded affirmatively to the

following question by the court: "Now before you answer me is that [the guilty plea] with your full knowledge and consent?" The court accepted the plea and granted a motion by the state to dismiss the auto theft charge.

The petitioner volunteered to testify to facts underlying his plea on the endangering charge. On the witness stand, however, he related a version of the incident entirely inconsistent with his plea of guilty. In response to the judge's query why he pleaded guilty, Hansen explained that he "thought the officer's word would be stronger than mine." Petitioner's attorney attempted to withdraw from the case at this point, but his request was denied. No formal motion to withdraw petitioner's guilty plea was made. To substantiate the plea, the prosecutor proceeded to present three witnesses. The witnesses were fully examined by petitioner's defense counsel. Petitioner submitted no additional evidence nor did he testify further. The court called petitioner forward and announced its judgment:

> At this time, Henry Edward Hansen, the court does find you guilty pursuant to the information on file with this court. * * * In fact, you have entered a plea of guilty to the said charge and on the evidence adduced at this court trial, this court does so find you guilty.

■ The court imposed a five-year sentence to run consecutively to an eleven and one-half year sentence previously imposed on the petitioner by the Circuit Court of Milwaukee on July 14, 1961 for burglary and solicitation of burglary. The court also imposed an additional five-year sentence under Wisconsin's "repeater" statutes, sections 939.62 and 959.12 Wis.Stats. This additional sentence is not before us, however, since it was vacated by the district court when the state conceded that the trial court failed to observe certain statutory prerequisites to the imposition of a "repeater" sentence. A coram nobis hearing was held in the trial court on February 14, 1966 challenging petitioner's conviction on the endangering charge. The factual findings upon which the trial court based its denial of the writ of error coram nobis will be discussed infra.

The petitioner contends that due process requires that his conviction be overturned since his guilty plea was void for the following reasons: his plea was involuntary since induced by promises made by his attorney and the prosecutor which were not honored; he was not fully advised of the consequences of the plea and the plea was accepted by the court without inquiry on the record to establish that it was knowingly and intelligently entered; and his plea of guilty was impeached by his subsequent testimony and should have been rejected by the court. We hold that these contentions are without merit and affirm the denial of petitioner's habeas corpus petition by the district court.

■ We are met at the outset with an argument by the state designed to avoid all of petitioner's contentions concerning the validity of his guilty plea to the endangering charge. The state maintains that petitioner's conviction on October 23, 1961 resulted not from his plea but rather from a trial on the merits in which petitioner's guilt was proved beyond a reasonable doubt. Although the record is not without ambiguity, we think petitioner was convicted upon a guilty plea. We rely especially upon the fact that the plea, once accepted by the court, was never withdrawn either upon the motion of petitioner or sua sponte by the court. Furthermore the presentation of evidence by the state following petitioner's testimony concerning his plea fully comports with the Milwaukee practice prevailing at that time. Finally both the trial court in the coram nobis hearing and the district court in its opinion denying the writ of habeas corpus found that petitioner was convicted on a guilty plea.

In maintaining that his guilty plea was involuntary and induced by promises not honored by the prosecution the petitioner relies primarily upon evidence pre-

sented at his coram nobis hearing. Two letters written by petitioner's trial attorney, Mr. Murphy, to petitioner prior to the October 23 proceeding were introduced at that hearing. These letters represented that, in return for a guilty plea on the auto theft charge, the prosecutor would seek dismissal of the endangering charge and a sentence on the auto theft charge to be served concurrently to a sentence previously imposed upon petitioner for burglary. Petitioner alleged that during the noon recess on October 23 and after the state had failed to substantiate the auto theft plea, further negotiations took place. In these discussions the arrangement suggested in the letters was allegedly reversed and petitioner was promised a concurrent sentence if he pleaded guilty to the endangering charge. To establish these allegations, Mr. Murphy and the prosecutor, Aladin A. De Brozzo, were called as witnesses. Both admitted that negotiations took place, but denied that petitioner was promised a concurrent sentence. According to the witnesses the only arrangement agreed to was that the auto theft charge would be dropped if petitioner pleaded guilty. On the basis of this testimony the trial court held that the guilty plea was voluntarily entered and refused to issue a writ of error coram nobis.

We agree that a conviction, whether in a state or federal court, based upon a guilty plea induced by promises not subsequently fulfilled is involuntary and inconsistent with due process, Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States v. LaVallee, 319 F.2d 308 (2d Cir. 1963). The Supreme Court held in Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), that an evidentiary hearing in the district court must be held only if the habeas applicant did not receive a full and fair hearing on his claim in the state court. The requirements of that case were subsequently incorporated in 28 U.S.C. § 2254(d). The district court in this case possessed the record of the coram nobis hearing in the trial court and concluded that petitioner's guilty plea was voluntary. We also have examined the coram nobis transcript with care and conclude that petitioner was given a full and fair hearing in the state court. The conclusion of the state court that petitioner's plea was voluntary is adequately supported by the evidence.

We also hold the petitioner's guilty plea is not voided by the failure of the court to advise petitioner of the consequences of his plea or to conduct an inquiry into whether the plea was knowingly and intelligently entered. Wisconsin does not compel trial courts to conduct proceedings on a guilty plea as district courts are required to do under Rule 11 of the Federal Rules of Criminal Procedure. Wisconsin cases hold that if a defendant is represented by counsel, his guilty plea is presumed to be intelligently entered with full knowledge of its consequences. Vieau v. State, 39 Wis.2d 162, 165, 158 N.W.2d 367, 369 (1968); State v. Strickland, 27 Wis.2d 623, 135 N.W.2d 295 (1965).

The petitioner, relying upon Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969), urges, however, that procedures similar to Fed. R.Crim.P. 11 are required by due process. We disagree. In *Boykin* the Supreme Court held only that there must be evidence in the trial court record showing that a guilty plea was knowingly and intelligently entered. Procedures similar to Fed.R.Crim.P. 11 were not suggested by the Court and are not required by its decision. Assuming without deciding that *Boykin* is retroactive, we nevertheless, think the record before us demonstrates that petitioner's guilty plea to the endangering charge was knowingly and intelligently entered. Petitioner was expressly asked whether the plea was entered with "his full knowledge and consent." In contrast to *Boykin*, the petitioner was questioned by the court after he entered his plea. Furthermore the letters and evidence introduced at the coram nobis hearing strongly suggest

that the petitioner understood the consequences of his plea. Petitioner places great emphasis upon the failure of the trial court to warn him of his possible subjection to the "repeater" statutes. Since the district court vacated the "repeater" sentence, we think the failure of the trial court to so inform petitioner is mooted.

The petitioner's final contention is based on his declaration of innocence after initially pleading guilty to the endangering charge. He argues that his testimony under oath coupled with his attorney's attempt to withdraw his jury waiver was tantamount to a motion to withdraw the guilty plea. He maintains that under these circumstances the plea should have been rejected and a trial ordered upon the charge.

We do not agree with the petitioner's contention. In the absence of an abuse of discretion, a court may deny a request to withdraw a plea of guilty. United States v. Marcus, 213 F.2d 230, 232 (7th Cir. 1954); Everett v. United States, 119 U.S.App.D.C. 69, 336 F.2d 979, 983 (1964); United States v. Smiley, 322 F.2d 248, 249 (2d Cir. 1963). Here there was no abuse of discretion even if we agree that the actions of the petitioner and his attorney were equivalent to a specific request to withdraw the guilty plea.

In response to questions by the trial judge and the prosecutor, the petitioner, not once but three times, stated he wished to plead guilty to the endangering charge. These responses were made in the presence of petitioner's counsel and there is nothing in the record to indicate that the petitioner did not know of their import. As a further indication that the trial judge did not abuse his discretion in permitting the guilty plea to stand, the judge heard evidence submitted by the state to substantiate the charge. Thus the judge assured himself that an innocent person was not being convicted.

Mr. Paul E. Schwemer of the Wisconsin Bar was appointed by this court to represent the petitioner. We appreciate his dedicated and conscientious service.

The order denying the writ is affirmed.