REMINGTON, Respondent, vs. JUDD, Appellant.

*February 10—March 10, 1925.*

*Witnesses: Cross-examination as to prior conviction of crime: Plea of nolo contendere: Explanation of conviction by witness.*

1. Cross-examination of defendant as to whether he entered a plea of *nolo contendere* in a larceny case against him is improper, and docket entries in such case were inadmissible; the word "conviction" in sec. 4073, Stats., meaning that the criminal proceedings must have reached the stage of a judicial determination of guilt in order to be used for impeachment purposes, though the offense may be either a felony or a misdemeanor. p. 341.
2. A witness whose prior conviction of crime is properly proved on his cross-examination should be permitted to tell on redirect examination, in a general way, the nature of the offense for which he was convicted, so that the jury may better determine the extent to which his credibility is impaired. p. 341.

APPEAL from a judgment of the circuit court for Juneau county: E. W. CROSBY, Circuit Judge. *Affirmed.*

September 8, 1923, at about 10:15 p. m., plaintiff with his wife and child were driving in a one-horse buggy on a

highway along the west side of the city limits of Mauston. The defendant in his Ford automobile, with but one headlight lit, was following the plaintiff's buggy. Defendant's son was driving the car. The buggy was at the extreme westerly side of the highway, which had a nine-foot concrete center. Approaching from the south was another automobile with strong headlights. There had been a long spell of dry weather. Just before they reached an intersecting highway the right front end of defendant's car struck the left hind wheel of the buggy, causing the spokes of the same to fall out, dropping the rear end of the buggy to the ground, and plaintiff claims to have been thrown over the right front wheel to the ground. After the accident plaintiff rode his horse home, had no medical attention, although receiving some bruises on his arm and legs, and claims to have been injured in his back, and that a scar from one of such bruises was still existing at the time of the trial, more than a year after the accident. He had no substantial interruption in his work as farm laborer.

By special verdict the jury found that there was a failure of ordinary care in the management of defendant's automobile; that such was the proximate cause of the injury; that there was no contributory negligence by plaintiff; damages for the personal injuries were assessed at $300, and it was determined that the buggy was worth $10 before the accident and nothing thereafter.

Upon such verdict, after motions, judgment was ordered for the plaintiff for $310 damages, with costs. From such judgment defendant has appealed.

For the appellant there was a brief by *McFarlane & Loomis* of Mauston, and oral argument by *O. S. Loomis*.

*Clinton G. Price* of Mauston, for the respondent.

ESCHWEILER, J. An examination of the record satisfies us that there is sufficient evidence to support the finding by the jury that the negligence of defendant's driver, who either

knew or should have known of the presence of plaintiff's vehicle in front of him just prior to the accident, was the proximate cause of the collision, and that there is sufficient, though scanty, evidence to support the assessment of damages, and no useful purpose would be served by a discussion of the details.

Many rulings of the court during the trial are assigned as errors by the appellant, and though we are satisfied that the exceptions interposed by defendant to some of such rulings should have been sustained, yet in view of the entire record we cannot consider such errors of sufficient prejudice, under the provisions of sec. 3072m, Stats., to warrant the reversal of the judgment. We shall, however, discuss some of the questions presented.

Defendant, a witness on his own behalf, was questioned on cross-examination and denied having been convicted in justice's court for an assault and battery and again for larceny. He was then asked by plaintiff's counsel as to whether or not he entered a plea of *nolo contendere* in the larceny case. The objection to this was sustained, the court rightly holding that such plea is not a conviction. On rebuttal the records of the justice of the peace, showing a judgment of a fine and costs for an assault and battery charge, were received, and no question is made as to such being properly admitted. An offer was then made of the docket entries in a case by the State against said defendant in justice's court upon a charge of larceny, and further showing that the defendant appeared in court with an attorney, withdrew his plea of not guilty and entered a plea of *nolo contendere,* and paid the costs, and apparently, from the recitals in the docket, the court thereupon dismissed the case and the defendant from further consideration under the charge of larceny. There was no showing made that any determination was reached or judgment announced that the defendant was guilty. Such docket entry was received over defendant's objection and argument made thereon to the jury, this also

over objection.   On defendant being recalled he was asked to state the facts in regard to the larceny case.   The court refused to permit him to so testify.

Defendant's objection to the docket entries as to the case charging larceny should have been sustained.   It is the fact of a conviction that may, under sec. 4073, Stats., be proven to affect the credibility of a witness.   While the criminal offense specified in that statute may be either a felony or misdemeanor (*Koch v. State,* 126 Wis. 470, 106 N. W. 531), still it is essential that there shall be a finding and judgment of guilty as charged in order that the proceedings in the criminal case may be used for impeachment purposes. The mere fact of having been in jail, which might presuppose a proper conviction, is not sufficient and cannot be used.   *Cullen v. Hanisch,* 114 Wis. 24, 29, 89 N. W. 900.

The word "conviction," as here found in the statute, means that the criminal proceedings must have reached the stage of a judicial determination that the person charged with the offense was guilty, and nothing short of that meets the statutory requirement.   *Davis v. State,* 134 Wis. 632, 638, 115 N. W. 150; Jones, Evidence (3d ed.) § 716.

There having been no conviction for larceny shown in the docket entries they should not have been received, and the question as to the effect to be given, under this statute, to a plea of *nolo contendere* as distinguished from a plea of guilty, or such finding by jury or court, need not be here determined.

Furthermore, if there had been proper proof of a prior conviction brought into the case by the cross-examination of a witness, such witness should be permitted, if he so desire, to tell on redirect examination, in a general way, the nature of the offense for which such conviction was had; not of course for the purpose of a retrial of the criminal proceedings, but that the jury may better tell to what extent his credibility is impaired, for manifestly offenses vary within vast ranges as to their impeaching power.   The de-

fendant, therefore, should have been permitted to give the testimony forbidden by the court's ruling. *Carlson v. Winterson,* 147 N. Y. 652, 656, 42 N. E. 347; Jones, Evidence (3d ed.) §§ 867, 872.

Were the testimony by defendant on more material points than it was, he being in the rear seat of the automobile at the time and not driving, a different result might have been required..

*By the Court.*—Judgment affirmed.