STATE, Respondent, v. WILLING, Appellant.

*No. State 132. Argued May 10, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 15.)

---

For the appellant there was a brief and oral argument by *Cleland P. Fisher* and *George E. Smith, Jr.*, both of Janesville.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, and *Robert J. Ruth,* district attorney of Rock county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

CONNOR T. HANSEN, J.  The fundamental basis for the motion for withdrawal is that counsel for the defendant had but a five or ten minute interview with him prior to their court appearance, at which time the preliminary examination was waived and a plea of guilty entered. It is urged that as a result thereof, the motion for withdrawal of the plea should be granted to correct a manifest injustice.

The defendant was eighteen years of age. When he was arraigned on January 30, 1967, his right to counsel was explained to him. He asked to confer with his mother who was then in the courtroom. The court recessed and thereafter the court was informed defendant wished to retain counsel. Bail was set and the proceeding continued. Attorney Louis Gage, Jr., was retained. January 31, 1967, the defendant and Mr. Gage appeared in court. It is on this occasion that the defendant personally pleaded guilty to the charges. A finding of guilty was made upon the pleas thus entered and the court ordered a presentence investigation.

February 1, 1967, Attorney Cleland P. Fisher was substituted as attorney of record for Mr. Gage. Between the date he was retained and the date of sentencing, February 13, 1967, two motions for withdrawal were presented to the court and both of them were denied, the last denial occurring on the day of sentencing. Substantially the same assertions are made in support of both motions. It is claimed that due to Mr. Gage's brief interview with the defendant prior to entry of the guilty pleas, defendant had no opportunity to disclose certain material matters which might establish a defense.

In denying the motions, the trial court relied upon *Hawkins v. State* (1965), 26 Wis. 2d 443, 132 N. W. 2d 545, and found that the pleas of guilty, voluntarily and understandingly made, constitute a waiver of nonjurisdictional defects and defenses, including claims of violations of constitutional rights prior to the plea. An examination of the transcript of the pre-plea proceedings supports the finding of the trial court that the pleas were voluntarily and understandingly made. The court further observed that Mr. Gage was an undisputedly competent, capable, experienced and conscientious counsel. In neither of these motions for withdrawal is there any allegation that retained counsel's assistance was ineffective.

In *State v. Reppin* (June 6, 1967), 35 Wis. 2d 377, 151 N. W. 2d 9, this court adopted the "manifest injustice" test with respect to the withdrawal of guilty pleas. The standards to be used in considering the "manifest injustice" test are set forth in detail in *Reppin, supra,* at page 385.

On August 10, 1967, a third motion for leave to withdraw was filed. The motion was supported by affidavits from attorneys Fisher, Smith, Gage and the defendant. The thrust of this motion was to allege grounds sufficient to establish manifest injustice under *State v. Reppin.* In answer to the motion and affidavits, the state filed affidavits of Robert Ruth, district attorney of Rock county, and Attorney Gage.

At this stage, the trial judge disqualified himself and Judge WALSH was assigned to hear the third motion for withdrawal.

Ordinarily the question of withdrawal of a guilty plea is addressed to the discretion of the trial court. The only exception to this rule is where the defendant establishes a denial of a relevant constitutional right. Under that situation, withdrawal is a matter of right. *Creighbaum v. State* (1967), 35 Wis. 2d 17, 29, 150 N. W. 2d 494.

The defendant has the burden of showing adequate grounds for withdrawal and must establish such grounds by clear and convincing evidence. *State v. Reppin, supra,* page 385.

Willing now contends he was denied the right to effective assistance of counsel. To establish this claim, the defendant must show that the representation was so inadequate and of such low competence that it amounted to no representation at all. *Pulaski v. State* (1964), 23 Wis. 2d 138, 148, 126 N. W. 2d 625, certiorari denied, 379 U. S. 862, 85 Sup. Ct. 124, 13 L. Ed. 2d 65; *Eskra v. State* (1965), 29 Wis. 2d 212, 223, 138 N. W. 2d 173; *Rivera v. United States* (9th Cir. 1963), 318 Fed. 2d 606, 608.

The record discloses Attorney Louis Gage, Jr., has been practicing law in Rock county for many years; he was a member of Coif; and he had previously counseled defendant on legal matters as well as nonlegal matters. Before the plea was entered, retained counsel conferred with the defendant. He explained the charges to the defendant and was of the opinion that he understood them. In the conference, they discussed the situation and counsel was convinced of defendant's guilt and was satisfied that defendant was equally convinced of his own guilt. Possible penalties were discussed. The defendant knew that upon conviction he could be sentenced to imprisonment in the state prisons. Because of defendant's age, the possibility of probation and his rehabilitation so that he could lead an honest adult life were discussed. Counsel was also of the opinion that the plea of guilty was freely, voluntarily and intelligently made. The conference was not of long duration. However, in view of the foregoing circumstances, it cannot be said that counsel's representation was ineffective under the previously enunciated standards of *Pulaski, Eskra* and *Rivera.*

Defendant's allegation of ineffective representation is completely without merit. In fact, from an examination

of the record it appears that defendant had the benefit of wise, experienced and conscientious counsel.

Defendant also alleges that his plea was entered without knowledge that the sentence actually imposed could be imposed. This contention is contradicted by the record. Defendant was told by his counsel that the probation which was actually imposed, could have been imposed. Also, since defendant had been on probation as a juvenile, he was aware of the consequence of that status. His counsel also told him that he could be sent to the state prison or state reformatory if he was convicted, although his counsel did not advise him of the hypothetical maximum sentence.

Defendant also alleges that he did not receive the sentence concessions he was led to believe he would receive. By such he means that he was required to spend time in custody after entering his guilty plea instead of being immediately allowed to go home. He entered his plea of guilty with knowledge that he could be sent to a state penal institution. Probation, even though recommended by both his counsel and the state, was never an assured result. Furthermore, this allegation is an unsubstantiated contention first raised after this court's decision in *State v. Reppin.*

We find no manifest injustice in this case. Also under the totality of the circumstances defendant's guilty pleas were freely, voluntarily and understandingly entered, *Creighbaum v. State, supra,* page 25.

The state suggests that an order denying defendant's motion to withdraw a guilty plea is in the nature of a final judgment and therefore should be determined to be res judicata. Such a determination would be inconsistent with the nature of the motion, since it is one ordinarily directed to the discretion of the trial court in the interest of justice. The trial court has the inherent power to hear such a motion.

*By the Court.*—Order affirmed.