GALVIN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 36.   Argued October 30, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 622.)

For the plaintiff in error there were briefs and oral argument by *Dennis C. Bailey* of Spooner.

For the defendant in error the cause was argued by *Sverre O. Tinglum,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Robert Zum Brunnen,* district attorney of Washburn county.

HALLOWS, C. J. On this appeal, Galvin claims his waiver of counsel and his plea of guilty were not voluntarily and understandingly made; that the trial court was aware he had a possible defense and should not have accepted his plea of guilty without making a factual determination of his guilt.

We need not discuss Galvin's waiver of counsel because in our view he is entitled on other grounds to a reversal and to the withdrawal of his plea of guilty. In *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, this court adopted the Tentative Draft of the American Bar Association's Minimum Standards for Criminal Justice, relating to the withdrawal of guilty pleas. In that case, we adopted the "manifest injustice" test, and while we accepted the four factual situations [1] illustrative of what would constitute manifest injustice, we also stated that "the four fact situations are not exhaustive of situations which might constitute manifest injustice."

Galvin was charged with failure to support his wife and three children. At the time he was arrested on this charge, there was a divorce action pending in which he had been ordered to pay $120 per month support. Within the six months prior to this arrest Galvin had been arrested twice for disorderly conduct and once for nonsupport. This charge of nonsupport was a misdemeanor and he was put on probation before trial by stipulation under sec. 52.055, Stats. The defendant, how-

---

[1] "2.1 Pleas withdrawal.

". . .

"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

"(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement."

American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty (Tentative Draft, February, 1967), Part II, pp. 9, 10.

ever, is now charged with a felony under sec. 52.05 (1),[2] which requires a showing the defendant wilfully and without just cause refused or neglected to provide support for his family. In its written opinion the trial court stated it thought the defendant understood what he was charged with and offered his plea of guilty because he expected to receive probation and not a sentence. The problem is not the voluntariness of the plea but its accuracy which so far as the record shows was not determined by the court.

Galvin, in waiving the preliminary examination, informed the court that "I did do what they charged me because I was supposed to pay to the Clerk of Court $120.00 monthly." Upon being asked the reason why he did not pay, Galvin replied, "I couldn't make enough money to pay that $120.00. I went down to the cities to work and I went down there two weeks and I came back just as broke as I am. I left and I went up to Canada to work and I had a job where I could make that much but the Immigration wouldn't let me because of the pending divorce." Thus the court had notice that Galvin thought he was guilty of the felony charge because he had not complied with an order of the divorce court. A possible defense was also disclosed if Galvin could not earn sufficient money and the failure to support his family was not wilful. *Zitlow v. State* (1934), 213 Wis. 493, 252 N. W. 358; *State v. Freiberg* (1967), 35 Wis. 2d 480, 151 N. W. 2d 1.

Under the circumstances the plea of guilty should not have been accepted without further inquiry. Where an accused waives counsel and pleads guilty, the trial court

---

[2] "52.05 **Abandonment; uniform act.** (1) PENALTY. Any person who, without just cause, deserts or wilfully neglects or refuses to provide for the support and maintenance of his wife or child under 18 years (legitimate or born out of wedlock) in destitute or necessitous circumstances shall be fined not more than $500, or imprisoned not more than 2 years, or both. . . ."

should be certain the plea of guilty is not only voluntarily but also understandingly made. The court should determine for itself that there exists a factual basis for the plea.

The problem of the necessity for determining the accuracy of a guilty plea has been of concern in late years. While there is a general absence in the statutory state law of any requirement that judges make a determination of the accuracy of offered guilty pleas, many judges concerned about the risk of inaccurate pleas have initiated various practices to assure themselves the plea is accurate.[3] This attitude reflects a dissatisfaction with the brief and cursory question and answer sequence which has been the traditional procedure in accepting guilty pleas.

In the *Reppin Case*, we referred to sec. 1.6 of the standards for criminal justice [4] relating to pleas of guilty, which provides, "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such a plea without making such inquiry as may satisfy it that there is a factual basis for the plea." In Wisconsin Jury Instructions, Criminal I, SM–30, there is a recommended procedure including questions to be asked when the court is considering the acceptance of a plea of guilty or of nolo contendere. It is recommended that if the plea is accepted the court take evidence of the defendant's guilt. It is also suggested that this may be done by having the district attorney present evidence and introduce any statements or confessions which may have been obtained or in such other manner as the court deems appropriate. The de-

---

[3] Donald J. Newman, *Conviction: The Determination of Guilt or Innocence Without Trial,* Chapter 1: "Concern for Accuracy In Guilty Plea Convictions" (Little, Brown & Co. 1966). In Milwaukee before entering judgment on a guilty plea, the court conducts a post-plea hearing. Newman, *supra,* ch. 15, p. 200.

[4] American Bar Association Project on Minimum Standards For Criminal Justice—Pleas of Guilty, *supra,* at Part I, sec. 1.6, p. 8.

fendant may also testify. We approve this recommendation and encourage trial courts to follow it. We think a post-plea inquiry should be held to insure the accuracy of pleas of guilty especially when the accused is not represented by counsel.[5] This is in accord with the movement to make post-plea inquiry procedure mandatory in the federal system. Rule 11 of the Federal Rules of Criminal Procedure as amended February 28, 1966, now prohibits a court from entering judgment upon a plea of guilty unless it is satisfied there is a factual basis for the plea.[6]

The procedure of post-plea inquiry to determine the accuracy of the plea will enable the court to satisfy itself that a basis for the plea exists and also provides a record from which informed judgments can be made if the plea is later challenged. Furthermore, such inquiry may disclose that the plea should not have been entered, in which case the plea should be set aside before judgment. The latter reason is especially applicable to this case.

---

[5] A plea of guilty without the assistance of counsel raises no presumption that the defendant understood the possible defenses, the nature of the charge and the range of punishment. *Eskra v. State* (1965), 29 Wis. 2d 212, 138 N. W. 2d 173; *Rafferty v. State* (1966), 29 Wis. 2d 470, 138 N. W. 2d 741; *Curry v. State* (1967), 36 Wis. 2d 225, 152 N. W. 2d 906; cf. *State v. Koerner* (1966), 32 Wis. 2d 60, 145 N. W. 2d 157 and *Vieau v. State* (1968), 39 Wis. 2d 162, 158 N. W. 2d 367.

[6] Rule 11. Pleas

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead, or if the court refuses to accept a plea of guilty, or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. As amended Feb. 28, 1966, eff. July 1, 1966.

For the Advisory Committee's Note see 39 Fed. Rules Dec. 171.

*By the Court.*—Order reversed, with directions to enter an order setting aside the sentencing and conviction, allowing Galvin to withdraw his plea and granting a trial on a plea of not guilty.