CROSS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 22.   Argued January 9, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 589.)

The cause was submitted for the plaintiff in error on the briefs of *Edgar M. Cross* of Waupun, *pro se,* and for the defendant in error on the brief of *Robert W. Warren,* attorney general, *William A. Platz* and *Mary V. Bowman,* assistant attorneys general, and *Norman L. Saracoff,* district attorney of Clark county.

HALLOWS, C. J.  Cross requests a reversal, not with a remand for a new trial but with an order discharging him from prison and argues the following grounds are sufficient: (1) He was convicted without evidence of

guilt; (2) he was committed to Central State Hospital without a hearing or a waiver of a hearing; (3) he was committed to the sex deviate center without a hearing or waiver; and (4) he was denied competent, effective, and adequate legal representation.

*Plea of nolo contendere.*

Cross contends his understanding of a nolo contendere plea was if the prosecution failed to prove the charge beyond a reasonable doubt by credible evidence, he would be acquitted without having to defend against the charges. This argument impresses us as an afterthought on the part of Cross because the record reflects he had no such understanding at the time the plea was made. The court carefully explained that the charge of sex perversion carried a maximum sentence of five years and the charge of taking indecent liberties with a minor carried a ten-year maximum sentence. The defendant said he understood this and that he waived a jury by such a plea. But more important, in answer to his question whether he was pleading guilty by entering a plea of nolo contendere the court responded, "The effect of a plea of nolo contendere admits all allegations contained in the complaint. You admit it happened. It admits every material allegation that was just read by the district attorney." The court went on to say that if Cross entered the plea of nolo contendere the court would find him guilty and that would be the end of it. The court later again informed the defendant that by entering the plea of nolo contendere he was admitting all the facts just read by the district attorney. Cross stated he understood what the court said and asked whether under the charge of taking indecent liberties with a child he would go back to the state insane asylum. The court explained the sex deviate facility was not the Central State Hospital where he had been sent to determine if he were able

to stand trial. Cross then summarized what he understood by the court's answer by saying, "in other words, if I go down to the sex deviate department, whatever it is, and they find out I am not a sex deviate, then I come back here." To which the court answered, "Yes, if they determine you are not deviated."

Later the defendant said, "I cannot overcome the state in the first place. There is no way I can overcome witnesses, kids that have been coached and schooled, and everything else. There is no way I can overcome. I will take the line of least resistance, that is what I am doing." The court told Cross it was not urging him to enter the plea, to which the defendant answered, "I am doing this on my own." The court also urged Cross if he had any thought that he was not guilty to enter a plea of not guilty and the case would be tried the following Thursday. The defendant answered he could not beat the charge if he had four trials and he was entering the plea freely and voluntarily and wished the court to accept his nolo contendere plea, which was then done by the court.

Nothing in the record could give Cross the idea and nothing in the record remotely suggests he had the idea that on a plea of nolo contendere he could sit back and see if the prosecution had evidence against him sufficient to prove him guilty beyond a reasonable doubt. Nevertheless Cross argues that should be the rule to distinguish the nolo contendere plea from one of guilty.

Cross cites *Remington v. Judd* (1925), 186 Wis. 338, 202 N. W. 679, for his argument that due process of law dictates that a nolo contendere plea is not a conviction. While *Remington* held the offering of a nolo contendere plea was not a conviction, the court did not hold the plea, if accepted, would not support a finding of conviction without further proof.

This court in *Lee v. State Board of Dental Examiners* (1966), 29 Wis. 2d 330, 139 N. W. 2d 61, stated a plea of

nolo contendere did not require proof and was a confession of guilt for the purposes of the case. It was stated at page 334:

"The essential characteristic of a plea of *nolo contendere* is that it cannot be used collaterally as an admission. Such a plea is not a plea of right and may be refused by a court, sec. 957.25; but when accepted by the court it constitutes an implied confession of guilt for the purposes of the case to support a judgment of conviction and in that respect is equivalent to a plea of guilty. *State v. Suick* (1928), 195 Wis. 175, 217 N. W. 743. But the plea of *nolo contendere* differs from a plea of guilty in its collateral effects. Because a plea of guilty is an unqualified express admission by the defendant it may be used against him in a collateral or subsequent civil action; but a plea of *nolo contendere* is not such an admission against interest and may not be used in a subsequent or collateral civil action for that purpose. *State v. Suick, supra; Brozosky v. State* (1928), 197 Wis. 446, 222 N. W. 311; *Ellsworth v. State* (1951), 258 Wis. 636, 46 N. W. (2d) 746. See Anno. Plea of nolo contendere or non vult contendere, 89 A. L. R. (2d) 540, 600, and 152 A. L. R. 253; 20 Am. Jur., Evidence (1965 Supp.), p. 125, sec. 648; 28A Words & Phrases (perm. ed.), Nolo Contendere, p. 293. The plea is extensively discussed in *Hudson v. United States* (1926), 272 U. S. 451, 47 Sup. Ct. 127, 71 L. Ed. 347.

"Under the majority rule this distinction in the pleas does not carry over to the conviction. A judgment of conviction based on a plea of *nolo contendere* is a conviction which contains all the consequences of a conviction based on a plea of guilty or a verdict of guilty. There is no difference in the nature, character or force of a judgment of conviction depending upon the nature of the underlying plea. *State v. Suick, supra; Ellsworth v. State, supra;* see Anno. Plea of nolo contendere or non vult contendere, 89 A. L. R. (2d) 540, 604; Anno. What constitutes former 'conviction' within statute enhancing penalty for second or subsequent offense, 5 A. L. R. (2d) 1080, 1103, sec. 15, Plea of nolo contendere."

At the time of this case it was not error for the court to enter a judgment of conviction on the plea of nolo contendere without receiving evidence of its factual basis. Sec. 957.25, Stats., provides that the court may enter a judgment of conviction upon a plea of nolo contendere as well as upon a plea of guilty. There is no statutory requirement that evidence must be taken to determine guilt upon such a plea.

However, it is now required that on a plea of guilty or of nolo contendere the court must examine the defendant to determine for itself and to make a record in case of an appeal that such a plea is made voluntarily and understandingly and is accurate or truthful. This requirement, to assure the plea is voluntarily made, is necessary because the entry of a plea is a waiver of the defendant's constitutional right to trial and all waivers of constitutional rights must be intelligently and voluntarily made. *Machibroda v. United States* (1962), 368 U. S. 487, 493, 82 Sup. Ct. 510, 7 L. Ed. 2d 473; *Johnson v. Zerbst* (1938), 304 U. S. 458, 58 Sup. Ct. 1019, 82 L. Ed. 1461. To understandingly be made, a plea must be made by a defendant who has knowledge of the essential facts and full understanding of the consequences of the plea and the court has the duty to satisfy itself that the defendant possesses such knowledge and understanding. *Kercheval v. United States* (1927), 274 U. S. 220, 223, 47 Sup. Ct. 582, 71 L. Ed. 1009.

The taking of testimony and an examination of the factual basis for the plea is necessary to assure the accuracy or truthfulness of a plea of nolo contendere or a plea of guilty but the testimony is not necessary to furnish a basis for a judgment of conviction on a plea of nolo contendere. This court as early as November, 1968, in *Galvin v. State*, 40 Wis. 2d 679, 684, 162 N. W. 2d 622, recommended that the trial court take evidence of a defendant's guilt before accepting his plea of guilty or of nolo contendere, not for the purpose of proving

guilt but to insure the integrity of the process of accepting a guilty plea by determining there existed a factual basis for the plea. It was pointed out this procedure was in accord with the movement to make post-plea inquiry procedure mandatory in the federal system and was in keeping with Rule 11 of the Federal Rules of Criminal Procedure. We also pointed out the Minimum Standards for Criminal Justice, Pleas of Guilty, sec. 1.6, provided a court should not enter a judgment upon a plea of guilty without making such inquiry as may satisfy it a factual basis existed for the plea.

The plea in the instant case was given in March of 1968, at least six months prior to the *Galvin* decision. After the *Galvin* decision the United States Supreme Court in *McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418, decided a federal court before accepting a guilty plea must question the defendant on the record to determine whether the conduct admitted by the defendant constituted the offense with which he was charged. In *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274, the United States Supreme Court made *McCarthy*, which involved Rule 11 of the Federal Rules of Criminal Procedure, binding upon the states as a matter of due process under the federal constitution. This court in *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713, following this dictate of the United States Supreme Court, made the recommendation in *Galvin*, borrowed from Federal Rule 11, and the recommendation in *State ex rel. Burnett v. Burke* (1964), 22 Wis. 2d 486, 126 N. W. 2d 91, relating to making a record of the voluntariness of the plea and knowledge of the defendant mandatory but held the rule was to be applied prospectively only. Thus at the time the trial court accepted this plea of Cross on March 15, 1968, there was no requirement or recommendation by this court that evidence should be taken on a plea of nolo contendere for any

purpose and we decline the invitation of the defendant to make such requirement retroactive to cover his case.

### Commitment to Central State Hospital
### without a hearing or waiver.

Cross argues his commitment to the Central State Hospital for observation to determine whether he was capable mentally of standing trial violated the provisions of sec. 957.27 (3), Stats., which requires that an accused be given reasonable notice and opportunity for hearing before such commitment. The record shows that when Cross was to be arraigned on November 27th there was a question of his sanity. The court examined Cross to see whether he wanted notice of a hearing or whether he was willing to waive it. The basis for believing that an observation of Cross ought to be made rested on the fact he was on a hunger strike and was going to continue it because he thought he was getting a raw deal and he said it would not make any difference where he was sent, he was going to refuse to eat. But more important, Cross admitted he had brought to the hearing a gun with which he intended to kill the mother of the minor victims of his crimes. From the colloquy between the judge and Cross, we conclude that a reasonable man would understand that Cross consented to the commitment for observation and waived notice of such a hearing. But assuming no waiver and that he was committed for an examination without proper notice, he was found sane and the failure of notice did not cause him subsequently to plead guilty or to change that plea to nolo contendere.

### Commitment to the sex deviate center
### without a hearing or waiver.

It is true Cross was committed to the sex deviate center for observation on March 15, 1968, without a hearing,

or a notice, or a waiver; but neither the statute nor due process requires a hearing for a commitment for that purpose when a person has been convicted of the crime of sexual perversion. Cross was convicted of violating sec. 944.17, Stats. (sexual perversion or sodomy), which requires a mandatory commitment for a presentence social, physical and mental examination under sec. 959.15 (1), to determine whether he was in need of medical treatment; if he was not in need of such treatment he would be sentenced to prison under the criminal sanctions of the statute. Cross was not misled on this procedure; when he pleaded nolo contendere, he was specifically told by the court that he would be sent to the sex deviate hospital for an examination and if he was found not in need of treatment he would be sentenced under the criminal laws. Cross was found not in need of treatment and was sentenced as a criminal. If Cross had been found to be in need of psychiatric treatment, he would have been entitled to a hearing on that determination of the Department of Health & Social Services under the rule of *Huebner v. State* (1967), 33 Wis. 2d 505, 147 N. W. 2d 646.

There is no merit in Cross' argument that his temporary commitment to the sex deviate center for an examination deprived him of a fair and impartial trial. At that stage he had already pleaded nolo contendere and had been found guilty. This commitment for an examination had no relationship to the issue of guilt.

### *Denial of right to effective counsel.*

Cross argues his legal representation was not effective, competent or adequate. This is a standard objection made by an accused if he is not acquitted. To establish ineffective assistance of counsel, it must be shown that the representation was of such low competency as to constitute no reasonable representation at all. *Pulaski v.*

*State* (1964), 23 Wis. 2d 138, 148, 126 N. W. 2d 625, certiorari denied, 379 U. S. 862, 85 Sup. Ct. 124, 13 L. Ed. 2d 65; *Eskra v. State* (1965), 29 Wis. 2d 212, 223, 138 N. W. 2d 173; *Rivera v. United States* (9th Cir. 1963), 318 Fed. 2d 606, 608; *State v. Willing* (1968), 39 Wis. 2d 408, 159 N. W. 2d 15.

As an example of incompetency, Cross contends his counsel failed to object to the state's nonproduction of evidence of guilt and failed to inform him of the consequences of the plea of nolo contendere. Counsel is not to be criticized for not objecting to the state's nonproduction of evidence of guilt; on the contrary, he attempted to protect the defendant's interest by his objection to the state's putting in any evidence. There may have been a strategic reason for counsel's not wanting the evidence of guilt in the record. The plea of not guilty was changed upon the filing of the amended information, which eliminated the counts of forceful rape and statutory rape and substituted the count of taking indecent liberties with a child. This procedure has all the earmarks of a negotiated plea, which is permissible in Wisconsin; but, if this were the case, a full record of such plea bargaining should have been made.[1] It is probable if evidence had

[1] American Bar Association Project on Minimum Standards for Criminal Justice, Pleas of Guilty, sec. 1.5, provides:

**"1.5 Determining voluntariness of plea.**

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea."

*See also Jung v. State* (1966), 32 Wis. 2d 541, 145 N. W. 2d 684.

been adduced the charges of taking indecent liberties might have been changed back to rape or the court might have refused to accept the plea.

Counsel's alleged failure to inform Cross of the consequences of his plea of nolo contendere is without merit. The court fully explained the consequences of the plea before it accepted the plea and thus the claimed failure, if there was a failure, was not prejudicial. The record also shows that Cross' attorney examined the state's witness at the preliminary hearing, requested an adjournment in order to permit an examination of Cross to determine his capacity to stand trial and, among other things, made a plea of leniency at the sentencing.

An accused cannot follow one course of strategy at the time of trial and if that turns out to be unsatisfactory complain he should be discharged or have a new trial. In *Pulaski,* page 148, we said, "Often after trial, charges of incompetency are directed toward counsel because it appears other tactics than those chosen might have been more helpful to the accused. Criminal as well as civil cases cannot be retried at the instance of the loser because he is more hopeful of success on a second try. Unless the representation of counsel is so inadequate and of such low competency as to amount to no representation, a new trial cannot be granted on that ground. If something less than the highest degree of skill and competency of counsel were a ground for a new trial, nothing would prevent the accused in the first instance from hiring competent counsel but admittedly not the most skillful in order to assure himself of a second opportunity for acquittal. Such a rule would lead to great abuse and could not be justified in the interest of justice."

Of course, if a court should appoint counsel who was not competent, the accused would by that fact be denied his constitutional right to counsel. But the constitution does not dictate the court must appoint only the most

skillful criminal lawyer to represent an indigent accused. The constitution does not demand the maximum or the ultimum but only what is reasonable and just under the circumstances. None of the arguments of this defendant has sufficient merit to command a new trial, much less the relief he seeks of reversal and discharge; and therefore his conviction must be affirmed.

*By the Court.*—Judgment affirmed.

BEILFUSS, J., took no part.