STATE of Wisconsin, Plaintiff-Respondent,

v.

Dennis E. JONES, Defendant-Appellant.†

Court of Appeals

*Nos. 92–0936–CR, 92–1049–CR. Submitted on briefs October 23, 1992.—Decided September 8, 1993.*

(Also reported in 507 N.W.2d 351.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs *James E. Doyle*, attorney general and *William C. Wolford*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J.    Dennis E. Jones appeals from judgments of conviction for two armed robberies of the same video rental store. Jones contends that Judge David Bastianelli abused his discretion when he ruled that "other acts" evidence, consisting of the evidence of one robbery, would be admissible during the trial on the other armed robbery. We conclude that Jones' agreement to a consolidation of the two cases for trial waives his right to appeal the pretrial order admitting "other acts" evidence and that he has not presented any

compelling reasons to relieve him of his waiver. Therefore, we affirm.

## I. Procedural History

This appeal is a consolidation of two separate cases from the Kenosha County Circuit Court. The cases below involved separate armed robberies of the same video rental store in the city of Kenosha. Because the procedural history of both cases is decisive, we will set forth the pertinent portions in detail.

The first armed robbery of the video rental store occurred on January 29, 1990. A criminal complaint charging Jones with one count of armed robbery in violation of sec. 943.32(1)(b) & (2), Stats., was filed on July 31, 1990 and designated trial court case number 90–CF–344. The case was assigned to Judge David Bastianelli.[1] On appeal, this case is numbered 92–0936–CR and in this decision we will refer to this case by this number.

A second armed robbery of the store happened on February 2, 1990. A criminal complaint charging Jones with one count of armed robbery in violation of sec. 943.32(1)(b) & (2), Stats., was filed on February 12, 1990 and designated trial court case number 90–CF–76. The case was assigned to Judge Bruce E. Schroeder. On appeal, this case is numbered 92–1049–CR and in this decision we will refer to this case by this number.

Prior to Jones' arraignment in 92–0936–CR before Judge Bastianelli, the state filed identical motions to consolidate both cases before either judge. In response

[1] Judge Bastianelli recently changed his last name from "Bastian." We will refer to him by his present name, although some quotations from the proceedings below refer to him by his former name.

to these motions, Jones filed identical countermotions to sever the cases and a request for the substitution of Judge Schroeder in 92–1049–CR. During a brief discussion on the motions, the assistant district attorney stated that Judge Schroeder would not hear the motion to consolidate. Judge Bastianelli denied the state's motion for consolidation stating, "No. I'm not going to consolidate them. I'm going to let one file stay with Judge Schroeder, and I'm going to keep my file." Judge Bastianelli set the case for a jury trial to be held on October 29, 1990.

Less than a week before trial in Judge Bastianelli's court, the state filed a motion to introduce "other acts" evidence under the provisions of sec. 904.04(2), Stats. In the motion the state sought to introduce evidence concerning the armed robbery charged in 92–1049–CR during the trial of 92–0936–CR before Judge Bastianelli. After considering the oral argument of counsel, Judge Bastianelli granted the state's motion and the following exchange took place between Judge Bastianelli and defense counsel Michael Piontek:

> THE COURT:  My concern is are you prepared based on the lateness of them filing the <u>Whitty</u> request to be able to present witnesses, if you desire, on that concept? That's my main concern right now?
>
> (Discussion off the record between counsel[.])
>
> MR. PIONTEK [Defense Counsel]:  For strategic purposes, counsel just asked me if I wanted to withdraw my objection to consolidation and go in front of Judge Schroeder. My problem is I want to perfect an appellate right in this case, and I think if the Court rules that this evidence comes in in the form of

Whitty in this case that I will — once that ruling is made, then I will probably do as counsel suggested.

Strategically, I see it very difficult to defend these cases with Whitty evidence. In effect, the State is given two shots at him using the evidence from both cases instead of the evidence as to each case rising or falling on its own merits as to when he committed them. Now —

THE COURT: That may be true, but that depends on what Judge Schroeder may or may not do on his determination if the State determines to put in Whitty evidence on the January 29 incident. So I can't say that's 100 percent correct on that.

Judge Bastianelli then summarized his previous ruling admitting the state's proposed "other acts" evidence. He also offered to give Attorney Piontek more time to research the issue and to properly prepare for trial in the face of his ruling.

Judge Bastianelli went on to explain that under local court rules if the parties desire consolidation of cases, the consolidation will occur before the judge who has the case that was filed first. He then suggested that Attorney Piontek and Jones discuss the alternatives he had presented during the hearing. First, that the case be adjourned to permit Attorney Piontek to prepare for a trial in which evidence of the "other acts" of 92–1049–CR would be introduced; or, second, to agree to consolidate the cases in front of Judge Schroeder. Attorney Piontek accepted Judge Bastianelli's offer of time to discuss the alternatives with Jones because he was not prepared to try the case if the "other acts" of 92–1049–CR were admitted into evidence.

On November 29, 1990, a motion to suppress in 92–1049–CR was held before Judge Schroeder. At the

request of Judge Schroeder, Attorney Piontek summarized the history of both cases:

> Where we are, Judge, is to give the Court a little history, guess I have to do that before we get started on the motion. There are two charges against Mr. Jones. One has been assigned to this Court; one has been assigned to Judge Bastian. We substituted on your Honor to try to avoid a consolidation of these two cases. We wanted to try them separately. Judge Bastian refused to consolidate in his court when motion was brought in his court, which I opposed early on in these proceedings. When we got to the eve of trial in that court, he ruled that the State could produce Whitty evidence at trial and use as a witness in that case the witness from the case before this Court. Um— That put me in a situation where it appeared that I was going to be in effect going to be trying both cases, but Mr. Jones could only be found guilty or not guilty of one of them each time. Based on that he and I have had extensive discussions and based primarily on Judge Bastian's ruling regarding the Whitty evidence, we felt that there is not practical advantage to trying the cases separately now. We, therefore, are in a position to stipulate or agree with the State to a consolidation of these cases for purposes of trial. In order to do that here, Judge Bastian still refuses to consolidate them even upon stipulation in his court and reason we want to consolidate there is because we have a trial date December 17 and 18 and Mr. Jones has been in custody an extended period of time and the trial date this Court gave us was February 4. But in any event, Judge Bastian refused to consolidate there indicating that this Court's case is older. Mr. Reisterer [Assistant District Attorney] can go into that in more detail; he actually had discussions with Judge Bastian. So we would like to withdraw

220

our substitution against your Honor and consolidate these cases for trial here since it appears that all the evidence is going to come in on each individual case in any event.

One month after this hearing a stipulation for consolidation was filed in both cases. The stipulation provided:

> 1.   The plaintiff and the defendant agree that the Case No. 90–CF–344 which is pending before Judge David Bastian in Kenosha's Circuit Court be consolidated for purposes of trial before the Honorable Bruce E. Schroeder, in Kenosha Circuit Court, to be heard for trial on February 4, 1991 together with the case of 90–CF–76 which is pending before Judge Schroeder for trial on that date.
>
> 2.   The defendant enters the stipulation based upon the ruling of Judge Bastian that Whitty Evidence can be used against the defendant. The above-named defendant, pursuant of Statute, hereby withdraws his substitution in Case No. 90–CF–344 against the Honorable Bruce E. Schroeder.

The stipulation was signed by an assistant district attorney and Jones' trial counsel; Jones himself did not sign the stipulation. An order approving the consolidation was signed by both judges.

A jury returned a verdict finding Jones guilty of armed robbery in both cases. Judge Schroeder sentenced Jones to seven and one-half years in prison in 92–0936–CR, imposed and stayed a consecutive twenty-year prison term in 92–1049–CR and placed Jones on probation for ten years consecutive to the prison sentence. Jones appeals from both judgments of conviction.

## II.  SUMMARY OF PROCEDURAL HISTORY

The procedural history can be visually summarized as follows:

|  | 92–0936–CR | 92–1049–CR |
|---|---|---|
| Judge Assigned | Bastianelli | Schroeder |
| Date of Robbery | 1–29–90 | 2–2–90 |
| Complaint Filed | 7–31–90 | 2–12–90 |
| Circuit Court Case No. | 90–CF–344 | 90–CF–76 |
| State's Motion to Consolidate | 8–23–90 | 8–23–90 |
| Jones' Motion to Sever | 8–29–90 | 8–29–90 |
| Jones' Request for Substitution | None Filed | 8–29–90 |
| Ruling on Consolidation/Severance Motions | Denied 8–29–90 | No Formal Ruling |
| State's Motion to Admit "Other Acts" | 11–8–90 | None Filed |
| Hearing on "Other Acts" | 11–14–90 | None Required |
| Ruling on "Other Acts" | Granted 11–14–90 | None Required |
| Stipulation to Consolidate | 12–18–90 | 12–18–90 |

## III.  ABANDONMENT

The sole issue raised by Jones is his contention that Judge Bastianelli abused his discretion when he granted the state's motion to admit "other acts" evidence of the pending armed robbery charge in 92–1049–CR during the trial of 92–0936–CR. However, based on the procedural history of these two cases, we requested the parties to submit supplemental briefs on the issue of whether by stipulating to a consolidation of the cases before Judge Schroeder, Jones abandoned his objection to Judge Bastianelli's order permitting the

introduction of "other acts" evidence. *See State v. Bonds,* 161 Wis. 2d 605, 609, 469 N.W.2d 184, 186 (Ct. App.), *rev'd on other grounds,* 165 Wis. 2d 27, 477 N.W.2d 265 (1991).

■

Whether Jones has lost the right to contest on appeal Judge Bastianelli's ruling admitting "other acts" evidence is a question of law that we review independently. *Cf. State v. Olson,* 127 Wis. 2d 412, 419, 380 N.W.2d 375, 379 (Ct. App. 1985) (stating that "[w]hether a criminal defendant who pleads guilty has lost the right to contest an issue of fact or law on appeal is an issue of law").

Jones urges us to adopt an analysis that would consider whether a defendant has timely and vigorously objected before throwing in the towel in the face of a trial court's unequivocal ruling adverse to the defendant's rights. Under this analysis Jones argues that he preserved his right to appeal Judge Bastianelli's ruling on "other acts" evidence. He argues that he only caved in and acceded to the consolidation after it became clear that the jury in 92–0936–CR would hear evidence of both robberies and he would have to defend against both robberies in two trials if he persisted in his preference for separate trials. Relying on *State v. Hubanks,* 173 Wis. 2d 1, 22–23 n.13, 496 N.W.2d 96, 103 (Ct. App. 1992), Jones contends that his subsequent acquiescence to trial consolidation resulted from the trial court's wrongful "other acts" ruling that he had vigorously opposed, and therefore he did not abandon or waive his right to challenge the ruling on appeal.[2]

---

[2] We are not persuaded that *Hubanks* recites an analysis that is to be undertaken to determine when a defendant has preserved the right to appeal a trial court ruling. *Hubanks*

223

The state asserts that Jones made a strategic choice to abandon his preference for separate trials. According to the state, now that the results are unfavorable, Jones is prevented from revisiting that choice in the hope that we will be his salvation.

We disagree with Jones that this is a case where the defendant had to abandon an objection in the face of a "no win" situation in order to minimize the loss. Jones retreated from his preference for separate trials without testing the waters before Judge Schroeder. As Judge Bastianelli pointed out during the hearing on the motion to admit evidence of "other acts," whether Judge Schroeder would admit evidence of "other acts" in 92–0936–CR during a trial on 92–1049–CR was unknown. Judge Bastianelli could not say with certainty how Judge Schroeder would rule if presented with a motion to admit evidence of "other acts" from 92–0936–CR.

■

We conclude that after the hearing before Judge Bastianelli, Jones made the strategic choice to abandon his objection to the admission of "other acts" evidence. By agreeing to a consolidation of the two cases, Jones compelled the state to put in evidence of *both* armed robberies.[3] A defendant who makes such a choice can-

---

addressed the ramifications of a defendant refusing to provide an in-court voice sample. Jones relies upon our explanation, in a footnote, of why we declined to adopt the state's argument that Hubanks could not claim error in the trial court's refusal to honor his request for an in-court voice line-up because he had invited that error. The language he quotes to us is nothing more than a summary of Hubanks' reasons why we should reject the state's "invited error" analysis.

[3] We point out that at the conclusion of the trial Judge Schroeder instructed the jury that it was to consider each case

not argue that he vigorously objected to adverse rulings to the bitter end and has not voluntarily abandoned his or her objection.

It is a well established maxim that "[a]n accused cannot follow one course of strategy at the time of trial and if that turns out to be unsatisfactory complain he should be discharged or have a new trial." *Cross v. State,* 45 Wis. 2d 593, 605, 173 N.W.2d 589, 596 (1970). The Wisconsin Supreme Court has explained that "[o]ften enough, in life it is not easy to decide which of two roads should be followed. But seldom, if ever, is it possible to follow both, at least not at the same time." *Farrar v. State,* 52 Wis. 2d 651, 661, 191 N.W.2d 214, 219 (1971). Although the issue in *Farrar* was whether a defendant could withdraw a plea after making a conscious decision not to challenge the contents of a presentence investigation that did not reflect a plea bargain, the decision is instructive on the consequences that must follow from strategic choices during trial.

As in *Farrar*, Jones seeks to follow both roads. After Judge Bastianelli held that "other acts" evidence would be admissible, Jones was at a fork in the road; he could either continue down the road of separate trials or he could return to the road of a consolidated trial. He chose to return to the road of a consolidated trial. After conviction he asks to be permitted to go back to that

separately and that Jones' guilt or innocence of one count of armed robbery was not to affect its consideration of his guilt or innocence of the other count. If Jones had insisted on a separate trial before Judge Bastianelli, it is probable that the jury would have been instructed that the "other acts" evidence could be considered on the issues of identity, plan or preparations. *See* Wis J I—Criminal 275. Thus, the instruction to the jury that it was to compartmentalize the two armed robberies was of some strategic benefit to Jones.

fork in the road and take the road of separate trials and, while traversing that road, he wants to challenge the ruling of "other acts" evidence. Jones seeks the best of both worlds. "Finding the road he chose steeper than he hoped it might be, he wants to retrace his steps and walk down the road he earlier chose not to traverse." *Id.* We are persuaded that

> there is no sound reason for so doing where a defendant, as a matter of trial tactics and strategy, elects to forego objection and chooses to proceed down an alternative road leading in a different direction. He chose which road he would walk down and is not to be returned to the fork or crossing so he can try the other one.

*Id.* at 662, 191 N.W.2d at 220.

We conclude that Jones made a strategic choice to agree to a consolidation of the cases before Judge Schroeder and in making this choice he abandoned his right to contest Judge Bastianelli's ruling on appeal. When Jones voluntarily agreed to the consolidation of the cases, he placed himself in a situation where the jury would hear the evidence of both robberies. He took a position inconsistent with his previous objection to the introduction of "other acts" evidence. We hold that Jones waived his right to appeal Judge Bastianelli's ruling when he took affirmative action inconsistent with his previous position. *See Wittke v. State ex rel. Smith,* 80 Wis. 2d 332, 345–46, 259 N.W.2d 515, 521 (1977).

The stipulation signed by Jones' trial counsel does not preserve the issue for appeal. There is no language in the stipulation seeking to preserve the issue. Rather, the reference to Judge Bastianelli's ruling is given only

as the reason for Jones' agreement. Even if the state, Jones and the trial courts had agreed that the issue was preserved for judicial review, we would hold that such an agreement is not a compelling reason to grant Jones relief from the strategic choice he made to abandon his objection to the admission of "other acts" evidence.

*By the Court.*—Judgments affirmed.