McLAUGHLIN, Plaintiff in error, v. STATE, Defendant in error.

*September 7—October 4, 1966.*

126

The cause was submitted for the plaintiff in error on the brief of *Harold W. McLaughlin, pro se,* and for the defendant in error on the brief of *Bronson C. La Follette,* attorney general, and *William A. Platz* and *Betty R. Brown,* assistant attorneys general.

WILKIE, J. The principal issue presented on this writ of error is whether the defendant, being indigent, is entitled to the appointment of a third counsel to represent his interests on this writ, the first two court-appointed counsel having reported that there are no grounds for challenging defendant's conviction on this writ of error.[1]

Since *Douglas v. California*,[2] this court, where indigency is established, has appointed counsel to represent the interests of criminal defendants in preparing the first appeal for such defendant from a criminal conviction including the pursuit of available post-conviction remedies in the trial court. Under *Douglas* such defendants are entitled to appointment of one counsel as a matter of right.[3]

Once such counsel has investigated the matter, reviewed the record, and has reported to both his client and this court that the appeal has no merit, and such counsel has been discharged from this assignment by this court, this court follows the practice, if the defendant so re-

[1] We do not consider here the right to the appointment of publicly financed counsel for indigent defendants who seek legal assistance in preparing and prosecuting writs of *habeas corpus* in this court after they have been convicted.

[2] (1963), 372 U. S. 353, 83 Sup. Ct. 814, 9 L. Ed. (2d) 811.

[3] Id. at page 357. Prior to *Douglas* the appointment of counsel for representation of indigent defendants on appeals or writs of error taken to this court was done in accordance with the provisions of sec. 957.26 (3), Stats. 1963, which provided as follows:

"(3) If appointment of counsel has not been so made as to include services upon appeal or writ of error, or if no counsel was appointed in the trial court, the supreme court or the chief justice, upon timely notice to the district attorney and upon being satisfied that review is sought in good faith and upon reasonable grounds (or if the appeal or writ of error is prosecuted by the state) may appoint counsel to prosecute or defend such appeal or writ of error. If no counsel was appointed in the trial court, the defendant shall be required to show his inability to employ counsel. Upon the certificate of the clerk of the supreme court the county treasurer shall pay the attorney such sum for compensation and expenses as the supreme court allows."

quests, of appointing a second independent counsel to represent the indigent defendant on the same matter.

It is the view of this court that once the second appointed counsel has made his investigation and has submitted a satisfactory report to the court and is discharged by this court, the requirements of *Douglas* have been met and this court is not required to name a third attorney or to, if necessary, proceed through the entire list of attorneys until such time as one is found who holds the view that there is merit in the appeal. The purpose of *Douglas* is to assure a poor man the assistance of counsel in prosecuting his appeal from what the defendant considers to be a wrongful conviction. Once two attorneys have completed resourceful, thorough, independent investigations, analyses, and appraisals of the record and the entire proceedings leading up to conviction, and where such counsel is supplied at public expense, we believe that an indigent defendant has been supplied with assistance of counsel necessary to fairly represent his interests. No procedure, short of the continuous appointment of attorneys until the entire list is exhausted, can ever literally provide every poor man with counsel that may be available to the rich. But no such extreme practice is required by the equal-protection provisions of either the United States [4] or state [5] constitutions. We note that in two other states, Connecticut [6] and California,[7] the requirements of *Douglas* in this regard have been held to be met by the appointment and discharge of a single attorney. It is not necessary for us to go this far here.

---

[4] Fourteenth amendment, United States constitution.

[5] Sec. 1, art. I, Wisconsin constitution, construed to be substantially equivalent to the equal-protection clause of the Fourteenth amendment to the United States constitution. See *State ex rel. Sonneborn v. Sylvester* (1965), 26 Wis. (2d) 43, 49, 132 N. W. (2d) 249.

[6] *Fredericks v. Reincke* (1965), 152 Conn. 501, 208 Atl. (2d) 756.

[7] *In re Nash* (1964), 61 Cal. (2d) 491, 393 Pac. (2d) 405.

We conclude, therefore, that McLaughlin did not have a right to the appointment of a third attorney. If our own independent review of the cause, after the report of the two court-appointed counsel, demonstrated that nevertheless there was arguable merit to the appeal we would exercise our discretion in accordance with the provisions of sec. 957.26 (3), Stats., *supra,* and appoint an additional attorney.

McLaughlin asserts five errors:

"1. Does the right to be informed of and have assistance of counsel impose upon the court the duty to inform an indigent, prior to arraignment and trial, that such counsel will be furnished free?

"2. Is a waiver of counsel knowingly and understandingly made when the defendant is not informed by the court what counsel may logically do for him to protect his rights, and exactly what those rights are?

"3. Is a confession legally secured when the defendant was, at the time, an inmate in a mental hospital, and did not have assistance of counsel?

"4. Has the plaintiff in error been declared by a court to be sane and competent to stand trial?

"5. Does the taking of a confession from a defendant who had been in a hospital for the criminally insane for five years, violate his constitutional rights?"

As to each of the five claims of error, none was raised prior to judgment and none was made the basis of a motion to withdraw defendant's plea of guilty. No such motion was ever made and the time for so doing has now expired. Therefore, the defendant has no right to a review of the claims of error [3] and we see no reason why this court, in its discretion, should consider these errors on the merits. For example, the first two alleged errors complain of the court's failure to inform the defendant of his right to counsel. Yet, at all stages of the proceed-

[3] *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 131 N. W. (2d) 833; *State v. Van Beek* (1966), 31 Wis. (2d) 51, 141 N. W. (2d) 873.

ings defendant was represented by counsel who was present in court. The last three alleged errors necessarily involve a review of the record and present alleged defects which have been waived by his plea of guilty (made by the defendant in open court by himself and through counsel).[9]

It should be noted that the whole procedure for the handling of appeals or writs of error on behalf of indigent criminal defendants was substantially changed by the 1965 legislature which authorized the supreme court to employ a state public defender who, among other things, shall prosecute appeals, writs of error, and writs of *habeas corpus* on behalf of indigent criminal defendants, "if the state public defender is first satisfied that there is arguable merit to the proceeding." [10] The law contemplates that there will be cases where the state public defender determines that the proceeding is without arguable merit or "where the court determines it advisable that the state public defender not act." [11] In such cases the legislature provides for court-appointed counsel for indigent persons. Thus, under the public defender system, the defender will determine whether there is arguable merit to an appeal by an indigent defendant. If the defender determines that there is no arguable merit to an appeal and his report to this effect is accepted by the court, a defendant may request the appointment of new counsel to take a second look at the merits of his appeal.

*By the Court.*—Judgment affirmed.

---

[9] *Hawkins v. State* (1965), 26 Wis. (2d) 443, 448, 132 N. W. (2d) 545; *State v. Lampe* (1965), 26 Wis. (2d) 646, 647, 648, 133 N. W. (2d) 349; *Carter v. State* (1965), 27 Wis. (2d) 451, 455b, 134 N. W. (2d) 444, 136 N. W. (2d) 561; *Massey v. State* (1965), 28 Wis. (2d) 376, 382, 137 N. W. (2d) 69; *Eskra v. State* (1965), 29 Wis. (2d) 212, 222, 138 N. W. (2d) 173; 21 Am. Jur. (2d), Criminal Law, p. 484, sec. 495.

[10] Sec. 957.265 (5) (b), Stats.

[11] Sec. 957.265 (6), Stats.