STATE, Respondent, v. GUIDEN, Appellant.

*No. State 28.   Argued February 4, 1970.—Decided March 6, 1970.*
(Also reported in 174 N. W. 2d 488.)

For the appellant there was a brief and oral argument by *Harvey L. McCormick* of Rochester, New York.

For the respondent the cause was argued by *Michael Ash,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

ROBERT W. HANSEN, J.   The defendant seeks to withdraw his guilty plea and have a new trial ordered as ". . . necessary to correct a manifest injustice." [1] There are three reasons why this will not, should not and cannot be done.

It would be enough here to point out that no motion for withdrawal of the plea of guilty has been made in the trial court.  In fact the defendant has never suggested to the trial court in any way whatsoever that the court erred either in (1) accepting his plea of guilty to the charge of burglary, or (2) in finding him guilty of burglary.  This court has made it entirely clear on a number of occasions that, in the absence of a motion for withdrawal of a guilty plea addressed to the trial court, a defendant has no standing to raise such issue before this court. [2]  Since the defendant has not moved the trial court for leave to withdraw his plea of guilty, he has not met the prerequisite for seeking such relief on appeal.

---

[1] *State v. Reppin* (1967), 35 Wis. 2d 377, 385, 151 N. W. 2d 9.

[2] *Van Voorhis v. State* (1965), 26 Wis. 2d 217, 223, 131 N. W. 2d 833; *State v. Koerner* (1966), 32 Wis. 2d 60, 64, 145 N. W. 2d 157; *McLaughlin v. State* (1966), 32 Wis. 2d 124, 130, 145 N. W. 2d 153; *Curry v. State* (1967), 36 Wis. 2d 225, 236, 152 N. W. 2d 906; *Kaczmarek v. State* (1968), 38 Wis. 2d 71, 76, 155 N. W. 2d 813.

However, discretionary authority to consider the issues raised does exist, and it is exercised to point out the complete lack of merit in defendant's contention.

The principal argument of the defendant on this appeal is that he was intoxicated at the time of the burglary and hence incapable of forming the required criminal intent to burglarize.[3] The record here is more complete than would ordinarily be the case in a hearing on a plea of guilty. This is because, by stipulation of prosecution and defense, the testimony in the trial of the codefendant Norwood (who was found not to have participated in the burglary and was acquitted) was incorporated by reference in the hearing on defendant's plea.

At the Norwood trial the defendant himself took the stand to testify that at the time of the burglary he was "I suppose kind of tipsy," "I was feeling kind of high," "I was sort of half intoxicated." The "intoxicated or drugged condition" to which the statute refers is not the condition of alcohol-induced incandescence or being well-lit that lowers the threshold of inhibitions or stirs the impulse to criminal adventures. It is that degree of complete drunkenness which makes a person incapable of forming intent to perform an act or commit a crime. To be relieved from responsibility for criminal acts it is not enough for a defendant to establish that he was under the influence of intoxicating beverages. He must establish that degree of intoxication that means he was utterly incapable of forming the intent requisite to the commission of the crime charged.

The physical facts, as well as the defendant's testimony, do not provide a basis for finding here such

---

[3] Sec. 939.42, Stats., provides: ". . . An intoxicated or drugged condition of the actor is a defense only if such condition:

". . .

"(2) Negatives the existence of a state of mind essential to the crime." *See also: Roberts v. State* (1969), 41 Wis. 2d 537, 164 N. W. 2d 525; Annot. 8 A. L. R. 3d 1236.

inability to form intent to burglarize. While Norwood was sleeping in the back of the car, the defendant and Jackson parked the auto in the lot at the television store. After some talk about getting a television set, Jackson got out of the car and the defendant followed. As the defendant got to the corner, he heard a window break. Jackson came around the corner, holding two television sets, one of which he handed to the defendant. Jackson then got into the car and started driving away, to prove again that there is indeed no honor among thieves. Carrying the television set he had been given by Jackson, the defendant ran after the car. The car stopped, and codefendants Jackson and Norwood got out and started running, with the police officers in hot pursuit. Norwood fell almost immediately, but Jackson and the defendant kept running and were captured a short time later and some distance away. The contention of the defendant has to be that he was sober enough to know enough to run after the car and away from the officers with the stolen TV set, but too drunk to form an intent to burglarize. The contention is not very persuasive. The capacity to form intent is to be inferred from the acts and conduct of a defendant, as well as from his self-description of his state of sobriety. Here his actions speak at least as loud as his words, and both establish that he was not unable to intend to do what he did do.[4]

Additionally, we have here the fact of a knowledgeable and voluntary entry of a plea of guilty which itself constitutes a waiver of nonjurisdictional defenses, such

[4] "Intent is a state of mind existing at the time a person commits an offense. If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct and inferences fairly deducible from all the circumstances." 13 Am. Jur. 2d, Burglary, p. 352, sec. 52, cited with approval in Strait v. State (1969), 41 Wis. 2d 552, 559, 164 N. W. 2d 505.

as the claim of being intoxicated at the time of the offense.[5] There is no good reason why the defendant here should be relieved from such waiver. The trial court fully established the voluntariness of the plea before accepting it. At the arraignment the trial court asked the defendant his age and the extent of his education; explained the range of possible penalties, the difference between concurrent and consecutive sentences; asked if defendant understood the nature of the charge; asked if any threats or promises had been made, and whether the plea was the defendant's free and voluntary choice. The court also questioned defendant's attorney to determine if counsel believed the guilty plea to be voluntary. Additionally, the trial court had before it the full testimony in the Norwood trial. It was, by agreement of the district attorney and defense counsel, incorporated by reference and made part of the record on the plea. It provided a very complete factual basis for the charge. Defendant's plea clearly was voluntarily and knowledgeably entered, after consultation with competent trial counsel. Under these facts, the plea is held to constitute a waiver of the belatedly raised claim of a defense on the ground of intoxication. So under the rule or on the merits or recognizing the waiver, there is neither substance nor shadow to the claim that withdrawal of the plea of guilty should be here allowed, or a new trial ordered in the interest of justice.

*By the Court.*—Judgment affirmed.

[5] *Hawkins v. State* (1965), 26 Wis. 2d 443, 132 N. W. 2d 545; *Rafferty v. State* (1966), 29 Wis. 2d 470, 138 N. W. 2d 741; *Belcher v. State* (1969), 42 Wis. 2d 299, 166 N. W. 2d 211; *Brisk v. State* (1969), 44 Wis. 2d 584, 172 N. W. 2d 199.