**Edward Frank KANIESKI, Petitioner-Appellant,**

**v.**

**John R. GAGNON, Warden, Wisconsin Correctional Institution, Respondent-Appellee.**

**No. 17873.**

United States Court of Appeals, Seventh Circuit.

June 9, 1970.

Charles D. Hoornstra, Madison, Wis., for petitioner-appellant.

Robert W. Warren, Atty. Gen., Mary V. Bowman, Madison, Wis., William A. Platz, Asst. Atty. Gen., for respondent-appellee.

Before CASTLE, Senior Circuit Judge, and FAIRCHILD and KERNER, Circuit Judges.

CASTLE, Senior Circuit Judge.

Edward Frank Kanieski, the petitioner-appellant, was convicted of the crime

of murder in the first degree on December 12, 1952, after a jury trial in the Circuit Court for Wood County, Wisconsin. He was sentenced to life imprisonment, and is presently confined in the Wisconsin Correctional Institution. His appeal to this Court has its origin in the District Court's denial of his petition for habeas corpus.

On January 30, 1969, the petitioner sought leave of the District Court to file and prosecute, in forma pauperis, a petition for writ of habeas corpus. The petition he tendered grounded right to relief on allegations asserting that:

(1) petitioner's Fifth Amendment right against self-incrimination was infringed by the use at his trial of testimony elicited from him at a coroner's inquest without his being advised that his testimony could be used against him;

(2) he was deprived of a necessary witness at his trial;

(3) he was deprived of his right to appeal; and

(4) he was denied a fair trial because of undue publicity.

On February 14, 1969, the District Court granted leave to file the petition and to proceed in forma pauperis with respect to the allegation that the petitioner had been deprived of his right to appeal. The respondent was directed to file a response, which he did; and counsel was appointed to represent the petitioner in the proceeding. A non-evidentiary hearing was held, and the court on the basis of the record before it concluded that although petitioner had exhausted the available state remedy with respect to his claim that he was deprived of the right to appeal and the right to counsel on appeal, the disposition of the matter according to law and justice (28 U.S.C. § 2243) did not require issuance of the writ and, therefore, denied the petition in a memorandum order filed June 20, 1969.

The petitioner appeals from the February 14, 1969, order insofar as it denied him leave to file and prosecute in forma pauperis grounds (1), (2) and (4) of the tendered petition and appeals from the June 20, 1969, order which denied his petition as to ground (3). This court appointed counsel to represent petitioner on appeal.

From an examination of the record we conclude that the District Court did not err in its rejection of petitioner's claims for relief predicated upon his allegations of infringement of his Fifth Amendment right against self-incrimination, of having been deprived of a necessary witness, and of denial of a fair trial because of undue publicity.

■ With respect to petitioner's allegation that his Fifth Amendment rights were infringed by the use at his trial of testimony he had given at a coroner's inquest without first having been advised that such testimony could subsequently be used against him, the petition presented no substantial federal constitutional question. The petitioner was convicted in 1952 and the warning and waiver requirements of Miranda v. Arizona, 384 U.S. 436, 473–477, 86 S.Ct. 1602, 16 L.Ed.2d 694, do not apply. *Miranda* is not retroactive in its application. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■ With respect to ground (2)— deprivation of a necessary witness—it appears from the petition that the petitioner was represented at his criminal trial by counsel and that the decision not to call the witness alluded to was made by counsel. Thus, the petition, as to ground (2) failed to present a substantial federal constitutional question.

■ In relation to ground (4)—the assertion that petitioner was denied a fair trial because of "undue publicity"— the petition charges that "false newspaper and radio headlines of the arrest of petitioner on charges that were false and untrue" were harmful and made it impossible for him to receive a just and impartial trial. The District Court rejected this proposed ground for failure to exhaust available state remedies. It appears that the District Court's observa-

tion that petitioner had not raised this issue in the state courts is based on the fact that on November 20, 1968, the Wisconsin Supreme Court had denied habeas corpus relief to the petitioner on his assertion that he did not receive a fair trial because of "false and undue publicity" for the reason that he "fails to allege any supporting facts indicating the basis for this assertion". We are mindful of the liberal treatment which is to be accorded pro-se petitions presented by those unskilled in the law. Such petitioners are not to be held to the technical niceties governing the sufficiency of allegations necessary to state a claim. But petitioner, who has a tenth-grade education, and who was represented by court-appointed counsel, after the defect in his petition to the state court was pointed out to him took no action to remedy that defect.

■■ The doctrine of exhaustion of state remedies demands only that the state courts first be presented with an opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim of the petitioner. United States ex rel. Kemp v. Pate, 7 Cir., 359 F.2d 749, 751. But it does demand that much. And, assertion of "undue publicity" as a basis of habeas corpus relief must be accompanied by some factual allegations setting forth the time and nature of the publicity with respect to which complaint is made. The asserted claim must allege some factual basis for inferring that the publicity had a prejudicial effect on the trial. In our opinion one does not exhaust an available state remedy by presenting a wholly defective allegation to the state court. Here, the petitioner, after being apprised of the defective nature of his allegation, continued to rely upon the unsupported conclusion of "undue publicity" set forth in his state-court petition to in effect by-pass adjudication of the basis of that claim by the Wisconsin court. *Cf.* Henry

v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. His attempt to assert the claim in the proposed petition tendered to the District Court was properly rejected for failure to exhaust an available state remedy.

■ We turn to consideration of petitioner's assertion that he was deprived of his right to appeal his murder conviction. In this connection the petition alleges that petitioner was told that no funds were available to allow him to appeal, and that he was not provided with counsel to represent him on appeal. The record ·discloses that petitioner previously raised this contention in his 1968 petition for a writ of habeas corpus filed with the Wisconsin Supreme Court. Wisconsin, in keeping wih Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (accorded retroactive application in Daegele v. Kansas, 375 U.S. 1, 84 S.Ct. 89, 11 L.Ed.2d 44), recognizes that where a state affords review of criminal convictions by appeal, an indigent has the right to one appeal with appointed counsel. McLaughlin v. State, 32 Wis.2d 124, 128, 145 N.W.2d 153. The Wisconsin Supreme Court,[1] perceiving arguable merit in petitioner's allegation, but recognizing that it presented an issue of fact, referred the matter to the circuit court of Wood County for an evidentiary hearing.[2] The circuit court did not make specific findings of fact, but did make a detailed summary of the evidence presented, from which it concluded:

> "The record is clear that there was no formal perfection of an appeal by the petitioner although it was his desire to appeal, which fact was known to the presiding judge and the attorney for the petitioner."

On motion to confirm that conclusion the Wisconsin Supreme Court made its own examination of the transcript of the evi-

---

1. In an unpublished opinion filed November 20, 1968, in connection with petitioner's habeas corpus petition filed with the Wisconsin Supreme Court.

2. Counsel was appointed to represent the petitioner at this evidentiary hearing.

dentiary hearing, as well as the summary prepared by the reference court, and concluded:

"* * * although the petitioner did, through his trial counsel, approach the trial judge concerning an appeal, he was not told that he could not appeal for lack of funds; that the trial judge did tell defendant's attorney that appointment of an attorney for appeal would have to be made by the Supreme Court and that no appeal or notice of appeal was filed within one year after the date of the judgment."

We, too, have examined the transcript of the circuit court evidentiary hearing and find that it supports the factual conclusions of both the circuit court and the Wisconsin Supreme Court. In addition, it discloses, as observed by the District Court in its memorandum order, testimony of the petitioner's criminal trial counsel to the effect that he did not favor or recommend an appeal; he considered an appeal would be without merit; that he would not have represented the petitioner on appeal; that although his services terminated with the sentencing of petitioner, he did discuss appointment of appeal counsel with the trial judge. The trial judge advised that under the Wisconsin statute then applicable (Wis. Stats.1951, § 357.26(3)) such appointment would have to be made by the Wisconsin Supreme Court. There is no testimony, however, that petitioner was personally so advised by either his trial counsel or the trial judge.

The Wisconsin Supreme Court in its unpublished opinion of November 20, 1968, went on to state:

"However, since the time for appeal has long since expired, we would observe that although only jurisdictional errors have been traditionally reviewable by habeas corpus, this court has enlarged the scope and purpose of the writ to review alleged violations of substantial constitutional rights, both as to post-conviction and pre-conviction remedies. Therefore, on habeas corpus, this court might consider the merits which could have been raised on appeal.

The petition for the writ of habeas corpus now under consideration is denied."

The District Court construes the Wisconsin Supreme Court's language above quoted as an invitation to the petitioner to present to it a petition for habeas corpus asserting the trial errors he would seek to have reviewed, an invitation to which the petitioner did not respond, but instead sought discharge by federal habeas corpus for having been denied an appeal with court-appointed counsel.

The District Court in its memorandum order reasons:

"Although respondent's contention requires this court to construe the 'invitation' in the opinion of the Wisconsin Supreme Court as an indication that it will, upon the filing of a new petition, afford petitioner the same relief as this court would order, were it to grant the present petition, I conclude that it is correct. I construe the 'invitation' in the opinion of the Wisconsin Supreme Court as an assertion that if petitioner now seeks to appeal from his conviction by means of a petition for a writ of habeas corpus, the Wisconsin Supreme Court will appoint counsel for petitioner and will consider any issues which petitioner could have raised on appeal. Accordingly, it appears that the Wisconsin Supreme Court has offered petitioner the same remedy which this court would require it to offer if petitioner were to prevail here on his contention that he was deprived of the right to appeal and the right to counsel on appeal."

On the facts and circumstances here presented we agree with the District Court. The Wisconsin Supreme Court has offered the petitioner a review of his criminal conviction with court-appointed counsel. In the circumstances here presented this tendered review, although belated, satisfies the federal constitutional requirements set forth in Douglas v. California, *supra.* This Court

would order petitioner's discharge only as an alternative in the event the Wisconsin court refused to accord him such review.

In our opinion the District Court properly refrained from exercising habeas corpus jurisdiction. *Cf.* United States ex rel. Waldron v. Pate, 7 Cir., 380 F.2d 94, 95.

The Court wishes to express appreciation of the diligence and skill exhibited by Mr. Charles D. Hoornstra of the Madison, Wisconsin Bar, who represented petitioner in this Court as court-appointed counsel.

The judgment orders appealed from are affirmed.

Affirmed.