**Ralph FITE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 2, 1971.

**358**

Robert L. Catlett, Jr., Louisville, M. L. Perkinson, La Grange, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Chief Justice.

The appellant, Ralph Fite, was serving a sentence in the State Reformatory and on August 4, 1970, he escaped from Farm Detail #2 along with James Nalley, another prisoner. He was later found in St. Louis, Missouri, and on September, the fifth, was returned to Kentucky where he was indicted for escaping from confinement in violation of KRS 432.390. At his trial before a jury he was convicted on a plea of not guilty and was sentenced to five additional years in the penitentiary. The appeal of his sentence was duly taken and the trial court supplied him and his appointed counsel with a transcript of the record and the testimony without charge.

Fite was not very cooperative with his appointed counsel. Suffice it to say that we have read the record and the testimony and find that the testimony for the Commonwealth sustained the guilty verdict rendered by the jury. The trial court also appointed other counsel (at Fite's request) to prepare his brief on appeal and that counsel filed a memorandum brief saying that he could not find anything wrong which would justify an appeal, and, as a consequence, requested to be relieved as counsel, to which request the trial court acceded.

As we have heretofore indicated, our reading of the record discloses nothing whatsoever which would justify a reversal of the conviction. Both Fite and Nalley escaped from the work crew at the same time, but Nalley's freedom was short lived. The fact that the two were tried jointly was not error in the circumstances of this case.

We conclude that every constitutional protection was afforded Fite and that it would be an unreasonable burden on both the bar and the bench to again appoint counsel to further brief Fite's appeal. The record and transcript clearly establish Fite's guilt, as found by a jury in a fair trial. For general guidance where appointed counsel find no basis for an appeal, see Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967); 24A C. J.S. Criminal Law § 1710(7) and especially the pocket-part material; see also Schwander v. United States, 386 F.2d 20 (Fifth Circuit, 1967); People v. Funches, 110 Ill.App.2d 36, 249 N.E.2d 259 (1969); McLaughlin v. State, 32 Wis.2d 124, 145 N.W.2d 153 (1966).

The judgment of conviction is affirmed.

All concur.